ANTONIA DALESCHAL, *et al.*, V. BERNARD GEISER, *as Guardian of Mary Bertsch and Rosillia Bertsch, minor heirs of Joseph Bertsch, deceased, et al.*

1. PARTITION—*Order, When Vacated.* An order of partition procured by a party who conceals such material facts as would have defeated the action, is properly vacated on the application of the real parties in interest.

2. PURCHASE, *Not in Good Faith.* Where such an order was procured and the report of the commissioners confirmed, and the party who suppressed the facts sold the portion of the realty set off to her, to a purchaser who had knowledge of the suppressed facts, the purchase is not protected by § 77 of the code of civil procedure.

*Error from Cowley District Court.*

ACTION to set aside certain partition proceedings. Judgment for plaintiff *Geiser*, as guardian, etc., at the January Term, 1885. The defendant *Daleschal* and two others bring the case to this court. The opinion contains a sufficient statement of the facts.

*Jennings & Troup*, for plaintiffs in error.

*Hackney & Asp*, for defendants in error.

Opinion by SIMPSON, C.: In the year 1876, Joseph Bertsch, with his family, consisting of his wife and two small children, Mary and Rosillia, were residing on certain real estate owned by him in Cowley county. During that year the wife died, and he removed to Wyandotte county. On the 25th day of December, 1877, Bertsch married one Antonia Daleschal, and had by her one child, the defendant in error, Frank Bertsch, who was born on the 10th day of November, 1878, and who has ever since his birth resided in Wyandotte county with his mother. At the July term, 1878, of the district court of Wyandotte county, a divorce was granted to Antonia from Joseph, for the fault of the latter, and alimony was awarded

her in money, and paid. In the decree of separation on reference was had or made to the real estate, situated in Cowley county, still owned by Joseph Bertsch. After the divorce was granted, Joseph, with the two children of the first marriage, Mary and Rosillia, removed to Jackson county, Missouri, locating near Westport, where Joseph died on the 6th day of November, 1879. At the time of his death he was the owner in fee simple of the Cowley county real estate, consisting of one hundred and seventy-three acres of valuable farming land, and left as his heirs-at-law the two children by his first marriage, Mary and Rosillia, and his child Frank by his divorced wife. On the 14th day of August, 1882, Antonia Daleschal commenced an action in the district court of Cowley county against the three children, to cause partition of said real estate to be made among the heirs of Joseph Bertsch, including herself as widow. Her petition was verified as follows, (after the title of the cause:)

"Antonia Daleschal, being first duly sworn, deposes and says that she is the plaintiff in the above-entitled suit; that she is the *widow* of Joseph Bertsch, deceased, who was the father of defendants in this suit; that Joseph Bertsch died leaving as surviving him the three defendants above named, and that they are the only surviving children and heirs-at-law of the said deceased, and that he died seized of the land described in the plaintiff's petition in this suit."

A guardian *ad litem* was appointed for the minor defendants, who filed a general denial on their behalf.

At the trial of this action, by agreement of parties the affidavit to the petition was read as the deposition of Antonia Daleschal. On this showing the order was made. Commissioners were appointed to make partition, who reported what appeared to be an equitable division, and confirmation followed on the 22d day of November, 1882. On the 17th day of January, 1883, the said Antonia Daleschal, in consideration of the sum of one thousand one hundred and twenty-five dollars, sold and conveyed to the plaintiff in error, Henry Hansen, the portion of the real estate allotted to her in the partition proceeding. Hansen subsequently borrowed of the plaintiff

in error, E. Coleman, the sum of five hundred dollars, and secured its payment by a mortgage on this land.

On the 7th day of April, 1883, Bernard Geiser was appointed guardian of the persons and estates of Mary and Rosillia by the probate court of Cowley county, and on the 26th day of April, 1883, he commenced this action on behalf of his wards and Frank Bertsch, to set aside the partition proceedings, charging they were fraudulent and the result of a conspiracy entered into between Antonia Daleschal, Henry Hansen and others, to wrong and defraud the minor heirs of Joseph Bertsch, to set aside the conveyance from Antonia Daleschal to Henry Hansen of the portion of the realty allotted to Antonia in the partition proceedings, and for other relief. To this action Antonia Daleschal, Henry Hansen and E. Coleman were made parties, and appeared and made defense.

There was a trial by the court, on full proof by both sides. The court adjudged and decreed, that the judgment and proceeding of the partition suit begun by Antonia Daleschal against the minor heirs of Joseph Bertsch, deceased —

"Is and are fraudulent and void, and the same is and are hereby vacated, set aside, and held for naught, and the cloud thereby created upon the title of said minors in and to the real estate therein described is hereby removed.

"And it is further decreed that the deed of Antonia Daleschal, of date January 17, 1883, to Henry Hansen, for said lands, be and the same is hereby canceled, annulled and set aside; and that the cloud thereby created upon the lands in said deed described is removed.

"And it is further decreed that the mortgage made by the said defendant Henry Hansen to the said defendant E. Coleman, upon the lands therein described, be and the same is hereby declared a valid lien upon the undivided two-thirds thereof, the same having been accepted by the said Coleman without any knowledge or notice of the fraudulent character of the decree and judgment of this court made in the partiiton case; but as to the interest of Frank Bertsch therein, the same being an undivided one-third thereof, said mortgage is hereby decreed canceled, and the cloud thereby created thereon removed, no service of summons ever having been made upon said Frank Bertsch, defendant, in said fraudulent pro-

ceedings of November 21, 1882, and subsequent proceedings thereto."

Antonia Daleschal, Henry Hansen and E. Coleman bring the case here. The principal error relied on, and discussed in the briefs, is that the court below erred in not holding Hansen to be a purchaser in good faith and protected by the record of the partition action. At the commencement of the partition proceedings it seemed to have been the belief of the attorney of Antonia Daleschal that, notwithstanding the divorce granted her, she was entitled to a portion of the real estate of which Joseph Bertsch died possessed, either as an heir at law, or a dower interest; that if the decree of separation did not, in express terms, bar her right of inheritance or dower, she would still have her share of the realty, the same as if such a decree had never been rendered; that a divorce affected personal relations, but did not property rights, unless so expressed in the judgment. This was a misconception of the law. (*Crane v. Fipps*, 29 Kas. 585.) And the fact that a divorce had been granted more than a year before the death of Joseph Bertsch, having been considered of no importance, or having escaped the attention of counsel, or being purposely concealed by Antonia Daleschal, or having been fraudulently withheld from the attention of the court in the pleadings, on the trial of the partition action, none of the parties thereto, under such circumstances, are concluded by such proceedings. The partition action was instituted by Antonia Daleschal, who fraudulently concealed or suppressed facts, that if brought to the attention of the court, would have defeated her action; and she cannot thus be permitted to take advantage of her own wrong.

The finding of the court below on this branch of the case is, in effect, that she fraudulently concealed the divorce; and where an order of partition is procured by a party who fraudulently concealed such material facts as would have defeated her right to a share of the realty sought to be divided, it is properly vacated on the application of the real parties in interest. Henry Hansen, the

1. Partition — order, when vacated.

purchaser of the portion of the realty allotted to Antonia Daleschal, claims that he is protected by §§ 77, 467, of the code of civil procedure. As to § 467, it is a matter of great doubt whether it has any application whatever, either to the conveyance to Henry Hansen or the mortgage to Coleman. Its operation seems to be confined solely to titles acquired through judicial sales, intermediate the rendition of a judgment, and its reversal by a superior tribunal. Whether he is protected by § 77 or not depends on the question of his good faith as a purchaser. The letter of the statute, the construction given it in this court, by the case of *Howard, Adm'r, v. Entreken, Adm'r,* 24 Kas. 428, and the rule of the common law that is expressed by it, all alike require that he must have bought on the faith of the partition decree alone, and without knowledge of the divorce, in order to invoke the protection offered by this section. The court below finds that he had knowledge of the divorce, and finds in effect that

2. Purchase, not
in good faith. he sought to aid Antonia Daleschal in a fraudulent scheme to defraud the minor heirs out of a part of their inheritance. It does appear as if there was ample justification in the evidence for the finding that Hansen knew of the divorce, and knowing this at the time of the purchase it was not in good faith.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.