## JULIA P. MUNGER v. DAVID H. BALDRIDGE.

1. HUSBAND AND WIFE—*Power of Attorney.* A married woman may appoint her husband by power of attorney as her agent to convey the inchoate interest which she holds in his real estate; and an instrument duly executed by himself, and by him for her under such authority, is effectual to transfer such interest.

2. ——— *Sufficient Description of Land.* The power granted to the husband by the wife was "to execute and acknowledge, sign, seal and deliver any deed or deeds for the conveyance or assurance of all my right, title and interest in and to any lands and tenements the title to which is in the said D. S. Munger, and in which I have any interest as being the wife of him, said D. S. Munger." *Held,* That a detailed description of the property was not necessary to the validity of the instrument, and that under the circumstances of this case the description was sufficient to authorize the conveyance of her interest

in any lands then owned by D. S. Munger in Sedgwick county, where the power of attorney was recorded.

3. POWER OF ATTORNEY — *Sufficient Acknowledgment.* In the certificate of acknowledgment to the power of attorney, the officer certifies that at a certain time "came Julia P. Munger, who is personally known to me to be the identical person whose name is affixed to the foregoing instrument of writing as grantor, and duly acknowledged that she executed the same, and for the purposes therein set forth." *Held,* That the acknowledgment substantially complies with the requirements of the statute.

4. ———— *Pleading and Practice.* The certificate of acknowledgment is not essential to the validity of a deed of conveyance; and where the execution of the deed is alleged in a pleading against which a demurrer is filed, the execution is thereby admitted, and no question is raised as to the sufficiency of the acknowledgment.

## *Error from Sedgwick District Court.*

THIS is an action of ejectment, brought by *Julia P. Munger* against *David H. Baldridge* and eleven other defendants, to recover a tract of land described in the petition by metes and bounds and commonly known as "City Park," situate in the county of Sedgwick. She alleged that she was the owner and entitled to the immediate possession of the property, and that the defendants unlawfully withheld the possession of the same from her; and further, that they had collected and were collecting and appropriating the rents and issues thereof to the extent of $5,000, and she asked judgment for possession and restitution of the premises and damages in the sum of $5,000.

David H. Baldridge filed an answer and cross-petition, the first count of which was a general denial, and in the second count he set forth that on the 30th day of November, 1877, D. S. Munger, the husband of Julia P. Munger, was the owner in fee simple of the real estate described in the petition, and that on or about that date, in consideration of the sum of $300, D. S. Munger and the plaintiff, J. P. Munger, executed and delivered a deed of general warranty to one Emil Werner, conveying the said real estate, and that the title to a portion of the real estate had passed through several parties to the de

fendant Baldridge.    The deed was executed by D. S. Munger, for himself, and by Julia P. Munger by D. S. Munger, her attorney in fact.    The letter of attorney under which D. S. Munger executed the deed in behalf of his wife was made on the 17th day of April, 1872, and recorded in the office of the register of deeds of Sedgwick county.    Copies of the power of attorney and of the deed were included in the answer and cross-petition, and are as follows:

"Know all men by these presents, that I, Julia P. Munger, wife of D. S. Munger, of the county of Sedgwick, state of Kansas, have made, constituted and appointed, and by these presents do make, constitute and appoint, D. S. Munger, of Sedgwick county, state of Kansas, true and lawful attorney for me, and in my name, place and stead to execute and acknowledge, sign, seal and deliver any deed or deeds for the conveyance or assurance of all my right, title and interest in and to any lands and tenements the title to which is in the said D. S. Munger, and in which I have any interest as being the wife of him, the said D. S. Munger, giving and granting to my said attorney full power and authority to do and perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises as fully to all intents and purposes as I might or could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all my said attorney or his substitute shall lawfully do or cause to be done by virtue thereof.

"In witness whereof, I have hereunto set my hand and seal, 17th day of April, 1872.          JULIA P. MUNGER. [Seal.]

"[Internal revenue stamp, $1.]

"STATE OF KANSAS, *County of Sedgwick, ss.*— Be it remembered, that on this day of April, 1872, before me, a notary public in and for the county and state aforesaid, came Julia P. Munger, who is personally known to me to be the identical person whose name is affixed to the foregoing instrument of writing as grantor, and duly acknowledged that she executed the same, and for the purposes therein set forth.

"[Notarial seal.]          HENRY C. SLUSS, *Notary Public.*

"Filed for record April 22, 1872, at 4 o'clock P. M.

JOHN S McIVOR, *Register.*"

"This deed, made this 30th day of November, in the year of our Lord one thousand eight hundred and seventy-seven, between D. S. Munger and Julia P. Munger his wife, of

Wichita, county of Sedgwick and state of Kansas, of the first part, and Emil Werner, of Wichita, county of Sedgwick, state of Kansas, of the second part, witnesseth: That said parties of the first part, for and in consideration of the sum of three hundred dollars to them in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, do by these presents grant, bargain, sell, remise, release, alien, convey and confirm unto said party of the second part, and to his heirs and assigns forever, all the following-described tract, piece and parcel of land lying and situate in the county of Sedgwick and state of Kansas, to wit, known and described as the city park, bounded on the east by Chisholm street (known as North Market street); on the north by Park street; on the west by Court street (otherwise known as North Main street); and on the south by Walnut street, in the city of Wichita, according to the recorded plat thereof; together with all and singular the hereditaments and appurtenances thereto belonging or in anywise appertaining; to have and to hold the same unto the said party of the second part, his heirs and assigns, forever. And the said D. S. Munger and Julia P. Munger, for themselves and their heirs, do hereby covenant and agree to and with the said party of the second part, his heirs and assigns, that they will warrant and forever defend the same land and appurtenances and every part and parcel thereof unto the said party of the second part, his heirs and assigns, against the said party of the first part, and their heirs, and against all and every person or persons whomsoever lawfully claiming or to claim the same.

"In testimony whereof, the said parties of the first part have hereunto set our hands, the day and year last above written.

D. S. MUNGER.    [Seal.]

JULIA P. MUNGER.    [Seal.]

By D. S. MUNGER,

· Her Attorney in fact.

Executed and delivered in the presence of D. A. Mitchell."

"STATE OF KANSAS, County of Sedgwick, ss.—Be it remembered, that on this 30th day of November, 1877, before me, the undersigned, a notary public in and for the county and state aforesaid, came D. S. Munger and Julia P. Munger his wife, by D. S. Munger, her attorney in fact, who are personally known to me to be the same persons who executed the foregoing instrument of writing, and duly acknowledged the execution of the same.

"In testimony whereof, I have hereunto set my hand and affixed my official seal, on the day and year last above written. [Notarial seal.]        D. A. MITCHELL, *Notary Public.*

"STATE OF KANSAS, *Sedgwick County, ss.*— This instrument was filed for record on the 1st day of December, 1877, at 11 o'clock A. M. ＇        M. B. KELLOGG, *Register of Deeds.*"

A demurrer was interposed to the answer and cross-petition by the plaintiff, which was overruled, at the May term, 1887, and the plaintiff standing upon her demurrer, judgment was entered in favor of the defendant, as prayed for in his answer and cross-petition.    The plaintiff alleges error.

*Humphrey & Allen,* for plaintiff in error.

*D. W. Welty,* and *Keenan & Sargent,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: By this action Julia P. Munger seeks to recover valuable real estate in the city of Wichita, which was formerly owned by D. S. Munger, her husband.    He conveyed the same by warranty deed in 1877, which was executed by signing his own name thereto, and also that of his wife as her attorney in fact, under a power of attorney previously given by her.    Long after the conveyance, and when the property has become valuable, she questions the validity of her own act, and now asserts that the power of attorney is invalid for want of capacity to make the same, and that it and the deed of conveyance are defective in form.    She contends that by reason of being a married woman she was incapable of appointing her husband by letter of attorney as her agent to convey the inchoate interest which she held in her husband's real estate.    The arguments and authorities cited to sustain this view proceed upon the common-law theory that the marriage rendered the wife incapable of making contracts, and hence incapable of appointing an agent or attorney to act for her.    These arguments and authorities are inapplicable in this state, where the disabling rules of the common law have been largely changed by the statute.    By legislative enactment the wife has been placed on an equality with the husband in

respect to holding, controlling and disposing of property which she may own at the time of the marriage or which may afterward be acquired by her.   During coverture she is specifically empowered to carry on any trade or business, and perform any labor or service on her sole and separate account; she may sue and be sued in the same manner as if she were unmarried, and "may bargain, sell and convey her real and personal property, and enter into any contract with reference to the same, in the same manner, to the same extent, and with like effect as a married man may in relation to his real and personal property." (Comp. Laws of 1885, ch. 62, §§ 1, 2, 3, 4.) While the unity of the husband and wife in the marital relation in a certain sense remains, these provisions have brushed away many of the disabilities of the wife under the common law; have recognized her individual existence, and conferred upon her distinct rights and powers respecting contracts, the carrying on of business, the owning, controlling and disposing of property, equal to those held and enjoyed by the husband. She is clothed with power to manage her own affairs, and certainly has power to appoint an agent or attorney to do that which she is capable of doing in person.   The right of the husband to act as the agent of the wife and to contract with her has been repeatedly recognized by this court, and it has been held that the conveyance of real estate directly from the husband to the wife would be upheld so far as it was equitable to uphold the same. (*Sproul v. National Bank*, 22 Kas. 336; *Horder v. Horder*, 23 id. 391, and cases cited.)

In respect to conveying property, or any interest which she may hold therein, she stands on an equal footing with the husband and is governed by the same rule.   No restrictions are placed upon the wife, and no other or different methods of conveying property, real or personal, are prescribed.   As has been seen, she is in respect to property a distinct person, with distinct and separate rights from her husband, authorized to "enter into *any contract* with reference to the same, in the same manner, to the same extent and with like effect as a married man in relation to his real and personal property."

16 — 41 KAS.

At the same time the legislature provided the methods by which real estate should be conveyed, and the language used is general and applicable alike to all persons. It was enacted that "conveyances of land, or of any other estate *or interest therein*, may be made by deed executed by *any person* having authority to convey the same, or by his agent or attorney, and may be acknowledged and recorded as herein directed without any other act or ceremony whatever." (Comp. Laws of 1885, ch. 22, § 3.) By § 7 of the same act it is provided that "all deeds or other conveyances of land, or of any estate or interest therein, shall be subscribed by the party granting the same, or by his lawful agent or attorney, and may be acknowledged or proved and certified in the manner herein prescribed." No distinction is made between the wife and any other person, either in the manner of execution or the acknowledgment of a conveyance of real estate. By virtue of this legislation the wife is undoubtedly authorized to convey any real estate or interest therein which she owns and which is subject to conveyance. It is equally clear that she is left free to select whomsoever she pleases as her agent or attorney for that purpose, and there is no reason why her husband may not act in that capacity. It is contended, however, that the wife cannot dispose of her inchoate interest in her husband's real estate in this way. It is argued that she does not hold an estate or interest in the land, but a mere contingent right, which is not property, but is similar to the right of dower, which is not contemplated by the legislature in the acts referred to, and can only be transferred in the manner in which the right of dower was formerly transferred. The estate of dower has been expressly abolished by the legislature of Kansas, and an interest differing both in quantity and quality has been provided for the wife. It is true, as counsel suggests, that § 646 of the code, relating to the distribution of property when a divorce is granted, refers to the portion which the wife shall receive if she survives her husband, as a right of dower. But in *Crane v. Fipps*, 29 Kas. 585, it was decided that this provision was not intended to create the right of dower, and

in the present state of the law was inoperative. The interest of the wife in the real estate of her husband during marriage is a contingent one, it is true, but it is unquestionably property, and no reason has been advanced why she may not empower the husband to act for her and in conjunction with himself convey it away. In *Busenbark v. Busenbark*, 33 Kas. 572, the nature of this interest was considered, and it was determined that while it was inchoate and uncertain it still possessed the elements of property which may be in connection with the husband the subject of contract and bargain, and was of such a character that the wife might during marriage maintain an action for its protection and for relief from fraudulent alienation by her husband. That it is an existing interest, and one which may be the subject of conveyance by the wife during marriage, is expressly recognized by the statute defining the same, as follows:

"One-half in value of all the real estate in which the husband at any time during the marriage had a legal or equitable interest, which has not been sold on execution or other judicial sale, and not necessary for the payment of debts and of which the wife has made no conveyance, shall under the direction of the probate court be set apart by the executor as her property in fee simple upon the death of the husband if she survive him." (Comp. Laws of 1885, ch. 33, § 8.)

How shall this interest be conveyed? If, as contended, it attaches to the estate of the husband and must be conveyed in conjunction with him, still it is the property of the wife, an interest in real estate, and the statute respecting conveyances makes no distinction between this and any other real property or interest therein which the wife may have. When it is admitted that it is property and an existing interest in real estate, the act respecting conveyances, already cited, certainly applies. Its provisions are broad and comprehensive, and authorize a conveyance by *any person* of *any interest* in real estate in the manner directed; and also that it may be done by any person through an agent or attorney. They apply to all persons, male and female, married and unmarried, and nothing in the law or its policy forbids that the husband should act as the

agent or attorney of the wife in this respect, or which would exclude the conveyance of this interest from the ordinary rules laid down in the statute. Nor is there any ground for the claim that the interest of the husband is adverse to that of the wife, making it improper for him to act in her behalf. The statutes of Kansas recognize no conflict of interest between them, nor any necessity to protect the wife against the act of the husband. They do not contemplate that she may be led to convey her interest through fear, compulsion, or the undue influence of her husband; and hence we have no enactment, as some states do, that in making a conveyance she must undergo a private examination by an officer to learn whether she is intimidated by her husband or is executing the conveyance against her will. On the contrary, the law proceeds upon the theory of confidence, good faith and honest dealing between husband and wife; and while there may be cases where the husband may take advantage of this confidence, yet it is almost as liable to occur through his obtaining her signature to the deed of conveyance as it would be in procuring from her a power of attorney authorizing him to convey the same property. We conclude that the wife

1. Husband and wife—power of attorney.

can appoint her husband as her agent and attorney in fact to convey the inchoate interest which she holds in his real estate, and that an instrument duly executed by himself and by him for her under such authority is effectual to transfer such interest.

The remaining objections made by the plaintiff in error are technical in their character, and under the circumstances of the case are not entitled to serious consideration. She claims that the power of attorney is invalid because the property authorized to be conveyed is not sufficiently described. The power granted is "to execute and acknowledge, sign, seal and deliver any deed or deeds for the conveyance or assurance of all my right, title and interest in and to any lands and tenements the title to which is in the said D. S. Munger, and in which I have any interest as being the wife of him, said D. S. Munger." The language employed is sufficiently broad to include all

lands owned by the husband at the time the letter was executed, and specific enough to authorize the conveyance of the land in controversy. The word "any" is to be taken in the broader sense, and includes all or any particular portion of the lands then owned by D. S. Munger. A detailed description of the lands which he owned was unnecessary. A power of attorney is required to be recorded in the office of the register of deeds of the county in which the lands to be conveyed are situate; and the pleadings show that the power of attorney in the present case was recorded, in compliance with such statute, in Sedgwick county, where the lands in controversy lie, and this would authorize the sale of any land which D. S. Munger owned within that county. As the power authorized the sale of any lands the title to which was in D. S. Munger at a stated time, the lands intended to be conveyed can be definitely ascertained; and the rule is, that that is sufficiently certain which can be made certain. Whatever might be held in other cases and under other circumstances with respect to the sufficiency of such a description, it must be held sufficient as against the claim of the one who executes the power of attorney under which the land has been transferred through several hands, and where the party has stood by for many years, as the plaintiff has done, until the property has become valuable, without questioning the validity of the instrument.

2. Sufficient description of land.

The acknowledgment of the power of attorney is said to be insufficient. The objection is that the officer taking the acknowledgment failed to certify that the person making the same was personally known to him as the person who executed the instrument. He does certify that Julia P. Munger is personally known "to me to be the identical person whose name is affixed to the foregoing instrument of writing as grantor, and duly acknowledges that she executed the same and for the purposes therein set forth." This substantially complies with the requirements of the statute, and only a substantial compliance is required. It is not required that the instrument shall be executed in the presence of the officer, nor is it material that

3. Power of attorney—sufficient acknowledgment.

he should know that the signature was written by the grantor, for if the grantor acknowledges before the officer the due execution of the instrument, he thereby recognizes and adopts the signature as his own.

The final objection is, that the deed conveying the property was not legally acknowledged. The challenged portion of the certificate reads as follows: "Came D. S. Munger and Julia P. Munger his wife, by D. S. Munger, her attorney in fact, who are personally known to me to be the same persons who executed the foregoing instrument of writing, and duly acknowledged the execution of the same." It might have been more explicit in stating that D. S. Munger acknowledged the execution of the deed for himself, and also in his representative capacity for his principal, Julia P. Munger. But as the plural form of expression is used, it plainly implies an acknowledgment in both his individual and representative capacities, and that in the latter capacity he acknowledged the deed as the act of his principal, who was named in the certificate. The sufficiency of the acknowledgment, however, was not properly raised by the demurrer, as the certificate of acknowledgment is not essential to the validity of the instrument. It is simply evidence of the execution of the deed, and where the certificate is absent the execution may be established by other proof. An unacknowledged deed passes title equally with one duly acknowledged and certified; but of course it would not be admitted in evidence upon the trial until its execution was shown by competent testimony. The question of the sufficiency of the certificate of acknowledgment can only be raised when the deed is offered in evidence; and if it is found to be defective, it can then be supplied by direct proof of execution. (*Gray v. Ulrich*, 8 Kas. 122; *Arn v. Matthews*, 39 id. 274.) The execution of the conveyance, however, was alleged in the answer and admitted by the demurrer, and hence the certificate of acknowledgment is of no consequence at this time.

4. Pleading and practice.

The judgment of the district court will be affirmed.

All the Justices concurring.