CLARINDA CHAPMAN V. CHARLES W. CHAPMAN *et al.*

1. JUDGMENT FOR ALIMONY, *Dormant — Lien — Enforcement.* C. obtained, in 1858, a judgment for alimony, in Ohio, against J. B., her husband. The last execution was issued in 1860. J. B., the husband, died in 1877. No proceedings were ever taken to revive the judgment. An action was commenced in this state in 1885 to subject the lands of ⋅ J. B., alleged to have been fraudulently conveyed by him, to the payment of the judgment for alimony. *Held,* On account of the dormancy of the judgment in Ohio and the failure to revive the same, it was not a legal or equitable lien upon any lands in Kansas; and *further held,* that it could not be enforced by any action in this state.

2. DIVORCE — *Dower Right.* Where C., having a domicile in Ohio, obtained in that state, upon service by publication, in a court having competent jurisdiction, a decree of divorce against her husband, in ⋅1865, and her former husband died in 1877, such divorced wife is not entitled, in an action brought in 1885, in this state, to any dower in lands in Kansas fraudulently conveyed by her husband, to defraud her or others.

*Error from Anderson District Court.*

THE opinion states the material facts. Judgment for the defendants, on September 4, 1888. The plaintiff, *Clarinda Chapman,* brings the case to this court.

*H. L. Poplin,* and *J. G. Johnson,* for plaintiff in error.

*A. Bergen,* for defendant in error John W. Chapman, trustee.

The opinion of the court was delivered by

HORTON, C. J.: On the 7th day of December, 1885, this action was commenced by Mrs. Clarinda Chapman, to subject the lands of John B. Chapman, deceased, in Anderson county, in this state, alleged to have been fraudulently conveyed by him to Charles W. Chapman, to the payment of a judgment of alimony for $4,000, obtained by her in 1858, against John B. Chapman, her husband, and also for a partition of the lands between her and the children of John B. Chapman. Trial be-

fore the court without a jury. The court made and filed con-
clusions of fact and of law, and rendered judgment in favor
of the defendants for costs. Mrs. Chapman excepted, and
brings the case here.

It appears from the record that Mrs. Chapman was married
to John B. Chapman on August 4, 1853, in Ohio. They re-
sided in Kansas in 1855 and 1856, and then Mrs. Chapman
returned to Ohio; John B. Chapman remaining a resident of
Kansas until 1862, living a part of the time on the land in
dispute. At the June term for 1858 of the common pleas
court, in Summit county, Ohio, Mrs. Chapman obtained judg-
ment for alimony in the sum of $4,000 against John B. Chap-
man, her husband, on account of ill usage and cruelty. In
that action John B. Chapman personally appeared and an-
swered. The only execution ever issued on this judgment was
dated October 27, 1860. John B. Chapman died in Indiana
in 1877, and no proceedings were ever taken to revive the
judgment. It appears that John B. Chapman died intestate,
but no letters of administration on his estate have been granted.
Within the decisions of this court already announced, the judg-
ment for alimony cannot be declared a legal or equitable lien
on the property in this state of John B. Chapman, deceased,
even if the property were fraudulently conveyed. In Ohio, a
judgment for money becomes dormant after five years from
its rendition; if an execution is issued, then within five years
after the date of the last execution. As the last execution was
issued on October 27, 1860, the judgment was dormant in
Ohio long before John B. Chapman died. A judgment may
be revived in Ohio by notice and motion, substantially as in
this state. Even if the Ohio judgment were a judgment of
this state, it would be dormant in five years after the date of
the last execution issued thereon. (Civil Code, § 445.) A
judgment cannot be revived after the expiration of one year
from the death of the judgment debtor, without the consent
of his representative or successor. (*Green v. McMurtry*, 20
Kas. 189; *Halsey v. Van Vliet*, 27 id. 474; *Mawhinney v.
Doane*, 40 id. 681.) But on account of the dormancy of the

judgment, and the failure to have it properly revived after the death of John B. Chapman, such judgment was not at the commencement of this action enforceable in Ohio, or in this state.

It is next contended that the plaintiff, as the former wife of John B. Chapman, deceased, is entitled to dower in the lands in controversy, and, therefore, that the court committed error in refusing to declare a partition thereof. The record shows that at the October term for 1865 of the common pleas court of Lorain county, in Ohio, Mrs. Chapman obtained a divorce from John B. Chapman on account of his willful absence from her for more than three years. Service in this action was obtained by publication, John B. Chapman not appearing in the case by answer or otherwise. Before Mrs. Chapman obtained her divorce, but after alimony had been allowed her, John B. Chapman had a marriage ceremony performed between himself and one Susan A. Chapman, on the 30th of January, 1859, at Washington, D. C. Mrs. Clarinda Chapman continued to reside in Ohio after 1858, excepting when temporarily absent in Iowa and Indiana. Prior to 1868, there was a statute in force in this state relating to dower, giving the widow at her election dower in her deceased husband's real estate. (Comp. Laws of 1862, ch. 83.) But in 1868 this statute was repealed, and the estates of dower and by curtesy were abolished. (Gen. Stat. of 1868, ch. 23, § 28; Comp. Laws of 1879, ch. 33, § 28; *Crane v. Fipps*, 29 Kas. 585.) We cannot consent to the view vigorously claimed, that dower is such a vested right as to forbid the legislature from changing or repealing such contingent interest. (*Crane v. Fipps*, supra; *Buffington v. Grosvenor*, 46 Kas. 730; Cooley, Const. Lim., p. 361; 5 Am. & Eng. Encyc. of Law, p. 904, and cases cited.) The effect of the divorce obtained by plaintiff from John B. Chapman was to exclude her from any interest in his property, not specially mentioned, reserved or provided for in the decree of divorce. (*Mitchell v. Mitchell*, 20 Kas. 665; *Daleschal v. Geiser*, 36 id. 374; *Crane v. Fipps*, supra; *Buffington v. Grosvenor*, supra.)

It is urged that the divorce, having been obtained by publication, was not valid or binding upon John B. Chapman beyond the limits of Ohio. The divorce was alleged by Mrs. Clarinda Chapman in her petition and was admitted by the answer. John B. Chapman in his life-time took no exception to it, and seems to have considered it valid and binding upon him. It was a valid judgment rendered by a court having jurisdiction in Ohio. Mrs. Clarinda Chapman was the moving party to the judgment and claimed a divorce thereby. Under the pleadings she is in no condition to object to that judgment, and, so far as she is concerned, it is as good in Kansas as it is in Ohio. The jurisdiction over a divorce cause, properly brought in a court under the statutes of the state where the plaintiff actually resides, gives the court authority to nullify or dissolve the marriage *status*, although it has obtained no control over the person of the defendant, excepting by publication. Mrs. Clarinda Chapman had her domicile in Ohio at the time of the divorce proceedings. The court, under the statute of that state, had jurisdiction, and the proceedings therein render the divorce complete. After the decree of divorce, Mrs. Chapman was not legally the wife of John B. Chapman in Ohio, or in Kansas. See, also, ¶ 2900, Gen. Stat. of 1889, relating to executors and administrators, which provides that no claim to lands fraudulently conveyed shall be made unless within three years after the decease of the grantor; and *Buffington v. Grosvenor*, 46 Kas. 730, which decides that "where a husband conveys land in this state while his wife is a non-resident thereof, she has no dower interest in the land thus conveyed."

The judgment of the district court will be affirmed.

All the Justices concurring.