EMMA ERATH, *Appellee*, v. W. M. GLENN, *Appellant*.

No. 17,942.

SYLLABUS BY THE COURT.

1. JUDICIAL SALE — *Publication Service — Judgment Vacated — Bona Fide Purchaser—Damages.* In an action against a judgment creditor to recover damages for lands sold under a judgment obtained upon service by publication, where the judgment was afterwards vacated under section 77 of the former code, the measure of damages is the value of the land at the time the *bona fide* purchaser acquired the right to a sheriff's deed.

2. JUDICIAL SALE—*Reversal of Judgment—Title to Lands.* Section 467 of the old code, which authorized restitution by the judgment creditor of the money for which the lands were sold, applied only in cases where the judgment was afterwards reversed by a superior tribunal.

Appeal from Greeley district court. Opinion filed March 8, 1913. Reversed.

*Lee Monroe*, and *C. M. Monroe*, both of Topeka, for the appellant.

*D. R. Beckstrom*, of Tribune, for the appellee.

The opinion of the court was delivered by

PORTER, J.: On January 6, 1905, the appellant, Glenn, procured a tax deed on a quarter section of land in Greeley county belonging to Emma Erath, who was a nonresident of the state. Immediately thereafter he recorded the deed and conveyed the land to one Rogers, and took from him a note and mortgage for $6000, covering this and other lands. The note matured in ten days, and at once after its maturity a foreclosure suit was brought in Glenn's name as plaintiff against Rogers and Mrs. Erath as defendants. The only service upon her was by publication. A default judgment was taken, and on June 5, 1905, the land was sold at sheriff's sale for $100 to the Quinter Town and Land Company. The sheriff's deed issued December 21, 1905. Subsequently Mrs. Erath had the judgment vacated under section 77 of the old code (Gen. Stat. 1909, § 4511). Upon a retrial the tax deed was held void and Glenn was given a tax lien amounting to $120.91.

R. H. Merrick, who acquired the title of the purchaser at the sheriff's sale, brought a suit against Mrs. Erath to quiet title, and on January 11, 1911, recovered a judgment barring her of any interest in the land.

On March 3, 1911, she commenced this action against Glenn to recover the value of the land. The court found the value to be $800, and after deducting therefrom the amount of the tax lien, rendered judgment in appellee's favor for the difference. Glenn appeals.

Neither laches nor any statute of limitations furnished a defense to the action. By his appeal from the order vacating the judgment Glenn delayed the appellee in obtaining a judgment setting aside the deed until April, 1910. It was necessary to have the tax deed declared void before this action could be maintained.

It is argued that she had no cause of action against appellant for the reason that she could only recover,

in any event, the amount for which the land sold at sheriff's sale, which was several dollars less than Glenn's lien for taxes. The contention is that section 467 of the former code (Gen. State. 1901, § 4913) applies to cases where lands have been sold at judicial sale under a judgment rendered upon publication service and afterwards vacated. Section 467 of the former code read as follows:

"If any judgment or judgments in satisfaction of which any lands or tenements are sold shall at any time thereafter be reversed, such reversal shall not defeat or affect the title of the purchaser or purchasers; but in such cases restitution shall be made by the judgment creditors of the money for which such lands or tenements were sold, with lawful interest from the day of sale."

This is now section 461 of the code of 1909, but there has been added a provision which in express terms declares that the section shall not apply in cases of sales under judgments rendered without personal appearance and without service other than by publication, when the sale is made within six months from the date of the judgment. We think it never was meant to apply to sales under a judgment afterwards vacated. It purports to deal with judgments only that are *reversed* after sales have been made under them, and no reference of any kind is made to judgments *vacated*. In *Daleschal v. Geiser, Guardian*, 36 Kan. 374, 13 Pac. 595, it was said in the opinion:

"Its operation seems to be confined solely to titles acquired through judicial sales, intermediate the rendition of a judgment, and its reversal by a superior tribunal." (p. 378.)

The true measure of damages is the value of the land at the date at which the purchaser became entitled to a sheriff's deed, less the lien for taxes. There was evidence tending to show an increase in the market value between December 21, 1905, when the sheriff's

·deed was executed, and February 23, 1907, when Merrick took the title.

The judgment will be reversed and a new trial ordered with directions to find the value as of the date of the sheriff's deed, unless the parties agree upon the value. When the value is determined judgment is to be rendered accordingly.