DAVID GAINES v. WILLIAM GRUNEWALD and Another.[1]

October 25, 1907.

Nos. 15,346—(58).

**Action upon Judgment.**

    An action in the courts of this state upon any judgment, whether domestic or foreign, must be brought within ten years from the rendition thereof, without reference to the residence of the judgment debtor during the ten years. Sections 4071, 4075, 4082, R. L. 1905, construed.

Action in the district court for Cottonwood county upon a foreign judgment for $367.81. From an order, P. E. Brown, J., overruling a demurrer to the complaint, defendants appealed. Affirmed.

*Stuart & Finstad,* for appellants.

*E. M. Duroe,* for respondent.

Do the words "after the entry of such judgment," found in R. L. 1905, § 4075, so alter the law as it stood since 1851 as to admit of the construction contended for by appellant? Counsel for appellants are quite ingenious in their interpretation of this amendment, in connection with section 4071, but their construction is extremely technical, far-fetched and unreasonable. In the ordinary and accepted sense an action on a judgment accrues upon the entry thereof, and construing this statute with the intent of the legislature in mind, it would appear that the added words make no change in the law as it stood before the adoption of the revised laws. The exceptions provided for in section 4071 are unquestionably the disabilities referred to in 4082, 4083, and following. It seems reasonable in reading this chapter on limitations that the legislature in adding the words, "after the entry of such judgment" to section 4075, did not intend to change the legal effect thereof. Note with what clearness section 4074 provides against the application of the nonresidence clause to the limitation of actions for the foreclosure of real estate mortgages, and is it not reasonable

[1] Reported in 113 N. W. 450.

to suppose that, with the statute immediately preceding it as a guide, if the legislature had intended to except judgments from the operation of this statute, they would have expressed their intention in language equally clear?

START, C. J.

On August 13, 1906, this action was commenced in the district court of the county of Cottonwood, in this state. The complaint alleges: That the defendants were formerly residents of the state of Iowa, where they resided until the year 1900, when they removed to the state of Minnesota, and have ever since continued to reside therein; that on January 11, 1895, the plaintiff duly recovered a personal judgment against the defendants for 'the sum of $367.81 in the district court of the county of Buena Vista, Iowa, which was and is a court of record; that no part of the judgment has been paid; and, further, that the statute of the state of Iowa provides that an action may be brought upon a judgment of a court of record within twenty years after the entry thereof. The defendants demurred to the complaint for the alleged reason that the facts stated therein do not constitute a cause for action. The trial court made its order overruling the demurrer, from which the defendants appealed to this court.

The question here to be decided is whether the facts alleged in the complaint show that an action upon the judgment in this state is barred by our statute of limitations. It appears from the allegations of the complaint that the action was not commenced within ten years after the entry of the judgment; that an action upon the judgment is not barred in Iowa; and, further, that the defendants had not lived in this state for ten years after the entry of the judgment. The solution of the question presented by the record depends upon the construction to be given sections 4071, 4075, and 4082, R. L. 1905. If these sections have made no change in the law as it existed before the revised laws of 1905 went into effect, then this action is not barred, for the cause of action did not accrue in this state until the defendants came within its jurisdiction, and they have not resided therein for ten years. Hoyt v. McNeil, 13 Minn. 362 (390); Smith v. Glover, 44 Minn. 260, 46 N. W. 406; G. S. 1866, c. 66, §§ 3, 5, 15; G. S. 1894, §§ 5133, 5135, 5145.

It must be conceded that, prior to March 1, 1906, when the revised laws went into effect, an action in this state on a foreign judgment was not barred until the judgment debtor had been within the state for ten years. The rule as to judgments of this state was otherwise. No action could then, or now, be maintained on such judgments after the expiration of ten years from the entry thereof; for by virtue of the statute such judgments in all cases ceased to exist as such, or as a cause of action, after ten years from their rendition. G. S. 1866, c. 66, § 254; G. S. 1894, § 5425; R. L. 1905, § 4272; Newell v. Dart, 28 Minn. 248, 9 N. W. 732; Dole v. Wilson, 39 Minn. 330, 40 N. W. 161; Spencer v. Haug, 45 Minn. 231, 47 N. W. 794; Brown v. Dooley, 95 Minn. 146, 103 N. W. 894. The cause of action on such a judgment, however, is saved by commencing it at any time within ten years from the time of its rendition, although the action is not finally determined until after the expiration of the ten years. Sandwich Mnfg. Co. v. Earl, 56 Minn. 390, 57 N. W. 938.

This difference between the limitation of an action upon a judgment of this state and an action upon a foreign judgment suggests a reason for a change of the existing law in this particular by the revised laws of 1905, if one was made. Was such change made so as to put all judgments on the same basis as to the statute of limitations? Section 4071, R. L. 1905, provides that:

> Actions can only be commenced within the periods prescribed in this chapter, after the cause of action accrues, except where, in special cases, a different limitation is prescribed by statute.

This made no change in the then existing law. It is to be noted, however, that by this section the limitation does not commence to run until the cause of action accrues, except in cases where a different limitation is prescribed by statute. Section 4075, R. L. 1905, provides that:

> No action shall be maintained upon a judgment or decree of a court of the United States, or of any state or territory thereof, unless begun within ten years after the entry of such judgment.

It is to be observed that by this section the limitation begins to run from the entry of the judgment. In this respect the limitation in section 4075 is made an exception to the general provisions of section 4071 that the limitation shall run from the accruing of the cause of action. The original of section 4075 (G. S. 1894, § 5135) provided that an action upon a judgment or decree of a court of the United States, or any state or territory thereof, should be brought within ten years—that is, from the time the cause of action accrued—for it did not otherwise provide; hence it was within the general rule provided by G. S. 1894, § 5133. In this connection our attention is called to Laws 1899, p. 125, c. 123, which added a proviso to the then law as to the limitation of actions on judgments. This act is not here relevant, for it is apparent that the proviso was intended to meet the exigencies of a particular case, and was dropped by Laws 1901, p. 458, c. 279. The language of section 4075, R. L. 1905, is plain and unambiguous, and its meaning and purpose clear; for it departs from the language of the original section and provides that the limitation shall begin to run from the entry of the judgment in all cases, and not from the accruing of the cause of action.

Section 4082, R. L. 1905, reads as follows:

> If, when a cause of action accrues against a person, he is out of the state, an action may be commenced within the times herein limited after his return to the state; and if, after a cause of action accrues, he departs from and resides out of the state, the time of his absence is not part of the time limited for the commencement of the action.

This is identical with the provisions of G. S. 1894, § 5145; but it is not now applicable to a case arising under section 4075, R. L. 1905, which changed the time of the commencement of the running of the statute from the accruing of the action to the entry of the judgment, and expressly forbade the commencement of any action upon any judgment ten years after the entry thereof. If the provisions of section 4082 were to be construed as applicable to section 4075, it would entirely defeat the change made by the legislature, and eliminate by main strength from section 4075 the words "after the entry of the judgment"—a task ultra vires of any court, however expert it might

be in the art of judicial legislation. We therefore hold that the provisions of section 4075 are not modified by section 4082, and that an action in the courts of this state upon any judgment, whether domestic or foreign, must be brought within ten years from the rendition thereof, without reference to the residence of the judgment debtor during the ten years. Olson v. Dahl, 99 Minn. 433, 109 N. W. 1001, 8 L. R. A. (N. S.) 444.

It follows that this action is barred by the statute of limitations, and that the order appealed from must be reversed, and cause remanded with direction to the district court to sustain the defendants' demurrer. So ordered.