## HENRY HAUSCHILD AND OTHERS v. COUNTIES OF LYON AND LINCOLN.[1]

December 19, 1930.

No. 28,143.

*R. F. Schulz* and *William R. Mitchell,* for appellants.
*Johnson & Schaefer,* for respondents.

HILTON, J.

Defendants, who are respectively the county commissioners of Lyon and Lincoln counties, appeal from an order denying their motion for a new trial.

On December 8, 1919, upon petition duly made and proceedings duly had, a judicial highway was established by the district court of Lyon county on the county line between Lyon and Lincoln counties. In the order so made the county boards were ordered and required to open up said highway for public travel within two years from the date of the order. Nothing has been done to carry the order into effect, and the highway as established is not now suitable for public travel.

Plaintiffs and others appeared before the county boards at their regular July, 1928, meetings and requested them to open said highway for public travel. On July 11, 1928, the two boards met in

[1]Reported in 233 N. W. 827.

joint session. The boards then decided and determined by resolution not to open said highway for public travel and not to take any action in said matter.

Each year since 1919 the boards of the two counties have respectively levied and collected large sums of money for road and bridge purposes, and each from time to time has had in its respective fund money sufficient and available to defray its share of the expense necessary in opening up said highway for public travel. The action of said boards in failing and refusing to open up the highway for public travel was wilful, arbitrary, and capricious and done with the intent to disregard the order of the court. The foregoing constitutes in effect the court's findings of fact, which were warranted by the evidence.

The court in this case by its order required the county boards to open up said judicial highway for public travel, to take such steps as may be necessary to remove fences and obstructions on the right of way, to open up said road for public travel by May 30, 1930, and in all other matters to comply with the order of December 8, 1919, on or before July 1, 1931.

The county line road was established by the district court under the provisions of G. S. 1913, §§ 2511-2516 (now G. S. 1923 [1 Mason, 1927] § 2581) a lengthy, comprehensive proceeding. It is therein provided that each county board "shall proceed in accordance with its terms to open so much of the road as lies within its county." The order establishing it was in conformity with a lawful statute. In re Alteration of Highway, 158 Minn. 302, 197 N. W. 741; In re Establishment of Judicial Road, 176 Minn. 94, 222 N. W. 578, and cases cited. The 1919 order had the force and effect of a judgment. It had in no way been modified, and no effort had been made to vacate the highway in the manner provided by law.

The questions as to the necessity and propriety of establishing the highway in 1919 were for the court's determination. The county boards then and at no time thereafter had the right or power to pass on those questions.

During the years subsequent to the making of the order each of the county boards had outlined and started on a general road pro-

gram in their respective counties. The road here involved was not one of the projects. The fact that each board has established a highway (not yet completed) one mile on its side of the ordered judicial road and parallel thereto, which the boards believe will better serve the public need than the one here involved, does not matter; nor does their belief that the judicial road is not needed affect the situation. Within the scope of the order no discretion was left in the boards. Appellants' contention that the power of the district court ceased and terminated when the order establishing the highway was made and that the whole matter was transferred to the jurisdiction of the county boards is without merit. The statute expressly authorizes the court to fix the time within which its order must be complied with. The order must be given an effect of more than an idle gesture. It amounted to more than mere authorization of the boards to open up the highway; theirs was a duty to obey it.

Levies of upwards of $100,000 for highway purposes were made in each county during the years of 1926, 1927, and 1928. Since the issuance of the order hundreds of thousands of dollars have been spent on highways in the counties. It may be noted that an estimate of $28,000 as the cost of the ordered highway contemplates the doing of more than the order calls for. It is conceded by respondents that the original order and the judgment here do not interfere with the exercise of a reasonable discretion by the boards relative to the manner in which the highway shall be opened up and made fit for public travel. It does not lie within the power of the county boards to nullify the court's order by inaction. They must comply with it. The duty imposed is ministerial. The proceedings adopted in bringing about such compliance were proper.

The situation here is far different from that involved in township road matters, which were considered in numerous cases cited by appellants. Those decisions are not here in point.

Order affirmed.