# COUNTY OF BLUE EARTH v. D. L. WILLIAMS AND OTHERS.[1]

February 21, 1936.

No. 30,794.

*C. A. Johnson,* for appellant.

*Wilson & Wilson,* for D. L. Williams, respondent.

[1]Reported in 265 N. W. 329.

JULIUS J. OLSON, JUSTICE.

In 1922 proceedings were instituted in the district court of Brown county to have a judicial road established in that and the adjoining county of Blue Earth. Commissioners were appointed to determine damages to lands affected by the improvement. They duly qualified, made and filed their report and award of damages. The report was filed November 27, 1922. On January 16, 1923, the report was confirmed by an order of the district court. Later an appeal was taken to this court to review the proceedings theretofore had. This court affirmed. In re Petition of Klossner, 156 Minn. 440, 195 N. W. 284.

The record indicates nothing further until January 2, 1931, at which time appellant, Blue Earth county, presented its verified petition to the district court of that county alleging the facts as we have heretofore outlined the same; further, that respondent had been awarded damages for the taking of a certain parcel of land, described in the petition, in the amount of $411.30. The report of the commissioners was referred to and made a part of petition. It was further alleged that the road "has not yet been opened across said lands, and that until the payment of said damages has been made, the present occupant of said lands refuses to and will not permit said road to be opened across said lands"; that subsequent to the rendition of the award and its approval by the court "various parties acquired various interests in said lands and claimed on various grounds to be entitled to said damages." The petition named the persons and parties who claimed to have an interest in the award; averred that the "damages so awarded have never been paid to anyone"; that "said county of Blue Earth is in possession of said damages and said moneys"; that it "has been and is ready, willing and able to pay said damages to the person or persons entitled thereto" but is "unable to determine who, of the several claimants thereto, may be entitled to said damages, and the right to payment" thereof is "in doubt." Petitioner prayed that the court designate the clerk of court as depository to whom said damages might be paid; that the court direct that notice by registered mail be given to all persons interested in said damages, "notifying

them of the pendency of these proceedings, and requiring them to appear herein and interplead and set up their rights and set forth the facts showing such interest and demand appropriate relief herein, as they may severally be entitled to"; that said claimants and each of them be enjoined "from instituting any other proceedings in this or any other court against the petitioner until the further order of the court herein"; and that petitioner be relieved from further liability on account of the matters set forth in the petition.

On the same day the court issued an *ex parte* order reciting in substance and effect all that the petition alleged. The only item of property described and the only sum mentioned in the petition and order was the single award for which damages in the amount of $411.30 had been awarded. Respondent and the other persons named by petitioner were required and ordered "to appear in this action and interplead and set up their rights and set forth the facts showing" their interest in the award mentioned. The respective parties were enjoined "until the further order of the court * * * from prosecuting any other action in this or any other court against the petitioner, * * * on account of said damages or any interest therein"; that petitioner be "relieved from further liability on account hereof." The order thereupon directed that service be made upon each of the claimants forthwith by registered mail and that "within twenty days after the service of this order upon them" they file "their answer and complaint in intervention with the clerk of this court." It was further ordered that "this action continue as a suit among the several defendants herein named."

Respondent Williams filed his separate answer and complaint in intervention wherein he set forth that he was the owner of a 700-acre farm over parts of which the proposed highway had been laid; that the commissioners in awarding damages had described the lands to be taken in four different parcels, the total damages for such taking having been by them fixed at $573.20. He accordingly demanded judgment:

"1. Requiring the county * * * to deposit with the clerk of the above named court sufficient additional funds so as to make the deposit in the sum of $573.20.

"2. Directing that sum of money, to-wit, the sum of $573.20, be paid to this intervener by the clerk of said court together with interest on said sum at the rate of 6% per annum from and after the 16th day of January, 1923.

"3. For such other and further relief as may be just and equitable, together with intervener's costs and disbursements herein."

There was no reply or other pleading interposed by the county to respondent's complaint.

On April 11, 1934, the parties claiming an interest in the fund deposited by the company ($411.30) entered into a stipulation whereby the same was divided among them in certain proportions not here material. On May 2, 1934, the court made its order approving the distribution. That order also provided that "the rights of the respective parties to claim such additional payment from the plaintiff [county] in accordance with the various answers interposed in this action are not to be prejudiced or in any way affected by this order, and the stipulation upon which it is based, which relate solely to the funds already paid to the clerk by plaintiff."

On July 28, 1934, respondent's claim came on for hearing before the court. The only matter heard and determined related to the claim of respondent Williams. The county objected to any further proceedings on the ground that the claim "at this time is outlawed" and that the court was without jurisdiction to grant any relief to respondent as petitioner had invoked jurisdiction only for the limited purpose set forth in its petition. Respondent as emphatically asserted that his claim was not outlawed at the time of the filing of his pleading in intervention, hence that his claim to the full amount of the award with interest be allowed. The court was of the same opinion and made findings granting him the relief sought and directed entry of judgment. The items entering into the judgment are as follows:

Balance of damages awarded by the commissioners..... $161.90
   (*i. e.* the difference between $573.20 total award for
   respondent's four parcels involved in the condemnation
   and the $411.30 deposited by the county for the one
   parcel)

Interest on $161.90 at 6% from January 16, 1923, to
   April 26, 1935 ...................................... 118.60

Interest on $411.30 at 6% from January 16, 1923, to
   January 2, 1931 ..................................... 196.33

Statutory costs and disbursements .................... 22.40

                              Total ......................... $499.23

Judgment was thereupon entered, and this appeal was taken.

The errors assigned are these: (1) That the evidence is not sufficient to sustain or justify the judgment; (2) that the court did not have jurisdiction to order an entry of judgment; (3) that respondent's remedy is by *mandamus*.

■ Defendant's farm as a unit was damaged to the extent of $573.20. That was determined by the commissioners when they made their award. The court's order confirming the same amounted to and in effect was a judgment. Both parties concede this in their briefs. This court has so held. Hauschild v. Counties of Lyon and Lincoln, 182 Minn. 123, 124, 233 N. W. 827. After the order of confirmation it became the duty of the county to obey the court's order in that regard. "It does not lie within the power of the county boards to nullify the court's order by inaction. They must comply with it." *Id.*, 182 Minn. 125.

Nor can it be said that there had been an abandonment of the condemnation proceedings. In State ex rel. McFarland v. Erskine, 165 Minn. 303, 306, 206 N. W. 447, 449, the court said:

"It is contended that the proceeding to appropriate the land has been abandoned and that, therefore, relator's right to demand payment of the award has been extinguished. The contention cannot be sustained. It may be that the county board has a right to drop proceedings before the making of the order establishing the

road, but, however that may be, when once the order is made, it is too late to do so. See State v. Anding, 132 Minn. 36, 155 N. W. 1048. The statute makes no provision for an abandonment of the proceeding to acquire the land."

And further, 165 Minn. 307:

"In every form of procedure for appropriating land for the public use, there must be a point where the right of the condemner to abandon the proceeding is lost and the right of the landowner to compensation becomes vested. As a general rule the condemner cannot deprive the landowner of a vested right to compensation by abandoning the proceeding. The theory upon which [t]his rule is based is that, upon final termination of the proceeding, the right of the condemner to take and hold the land and the right of the landowner to the money are correlative and coincident and vest simultaneously in the respective parties."

Interest upon the award attached thereto as a legal incident to the obligation itself. As a matter of fact by 2 Mason Minn. St. 1927, § 6552, it is provided: "All damages allowed under this chapter [eminent domain], whether by the commissioners or upon appeal, shall bear interest from the time of the filing of the commissioners' report." Obviously, then, it became the duty of the county not only to pay the full amount of respondent's award but likewise interest from the date of its filing by the commissioners. It will thus be seen that the court has not allowed respondent the full amount to which he was entitled under the quoted section.

As the award when approved by the court becomes in effect a judgment, then it necessarily must follow that such confirmed award bears interest upon the same basis as a judgment. 2 Mason Minn. St. 1927, § 9419, provides that judgments shall bear interest at the legal rate. Thus, viewed from either angle, the county has not been charged with anything more than was its just and legal obligation to pay.

Nor do we think the county's view can be sustained with respect to the statute of limitations. It will be observed here that the award was filed November 27, 1922, and confirmed January 16,

1923. The petition of the county to be permitted to pay a part of the award into court was filed January 2, 1931, and respondent's answer and complaint in intervention was filed January 23, 1931. A judgment does not outlaw until ten years after its entry. 2 Mason Minn. St. 1927, § 9190. This section applies to domestic as well as foreign judgments. Gaines v. Grunewald, 102 Minn. 245, 113 N. W. 450; J. L. Bieder Co. v. Rose, 138 Minn. 121, 164 N. W. 586; 3 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 5150.

It is true that a judgment is a nullity after the running of the statute if no action or proceeding has been had within the ten-year limitation. Brown v. Dooley, 95 Minn. 146, 103 N. W. 894. But in the instant case, the county having invoked the jurisdiction of the court in respect of the award belonging to respondent and respondent having answered and interposed his plea insisting upon full amount of the award with interest, the entire matter came before the court for determination between the parties. The fact that the trial did not take place until after the judgment as such had outlawed cannot be said to affect the proceedings theretofore had, nor can the jurisdiction of the court be limited so as to deny respondent of rights legally established in the condemnation proceedings. Upon motion of the county and at its instance and request, respondent was "enjoined until the further order of the court herein from prosecuting any other action in this or any other court against the petitioner * * * on account of said damages or any interest therein." It would be a strange rule indeed were we to say now that the trial court was in error because it refused to invoke the statute of limitations in favor of the county. "An action on a judgment, if commenced within the ten years, may proceed to trial and judgment thereafter." 3 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 5150, and cases under note 51.

■ It is urged that the court was without jurisdiction to order entry of judgment. That question is purely academic. There can be no doubt that the court had jurisdiction of the parties and of the subject matter at the time the issues were made and trial had. We think the proceedings then pending and the situation disclosed by the record pertaining thereto are such as conclusively to estab-

lish that the court had jurisdiction to order the county to comply with the prior order of confirmation of the original award. That matter had been finally adjudicated. As a matter of law respondent's property was taken the moment the award was finally confirmed. State ex rel. McFarland v. Erskine, 165 Minn. 303, 206 N. W. 447.

■ Appellant's next contention is that respondent's remedy should have been by *mandamus*. It cites and relies upon Trogden v. Winona & St. P. R. Co. 22 Minn. 198, and State ex rel. McFarland v. Erskine, 165 Minn. 303, 206 N. W. 447. Granting that *mandamus* is a proper remedy, that does not eliminate another one. At most, appellant's objection relates to the remedy rather than to the right. *Mandamus* is an extraordinary remedy and is not to be used where "there is a plain, speedy, and adequate remedy in the ordinary course of law." 2 Mason Minn. St. 1927, § 9723; 4 Dunnell, Minn. Dig. (2. ed. & Supp. 1932) § 5754. We think, upon the facts heretofore related, that the court was well within its authority in determining the issues in the manner it did.

Judgment affirmed.