## MARIE KNIPFER v. HAROLD H. BUHLER.[1]

December 31, 1948.

No. 34,792.

*Harroun, Anderson & Poseley,* for appellant.

*O'Brien, Horn, Stringer, Seymour & O'Connor* and *Vaudreuil & Vaudreuil,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

On July 3, 1919, a Wisconsin court granted plaintiff a divorce from defendant and entered its judgment and decree awarding plaintiff the sum of $28 per month for the support of their minor child, Harold Buhler, who was then ten years old. Defendant made the payments under this decree until July 1, 1920. Defendant then moved to Colorado and made no further payments to plaintiff. In 1926, plaintiff filed a complaint in Wisconsin for nonpayment of this support money, but because of technical difficulties nothing came of this suit. In 1928, unbeknown to plaintiff, defendant moved to California and there remarried. In 1945, defendant inherited

[1]Reported in 35 N. W. (2d) 425.

some property in Minnesota, and in 1946 plaintiff instituted this suit for nonpayment of the support money under the Wisconsin divorce decree, levied a writ of attachment on the property inherited by defendant, and obtained service by publication. To facilitate the sale of this property, plaintiff released her writ of attachment, and the sum of $7,000 was deposited with the clerk of the district court of Ramsey county in lieu of the real estate.

The trial court found that the Wisconsin judgment or decree had never been modified, amended, changed, altered, rescinded, vacated, reversed, or suspended in any way at any time and that the time for appeal from the judgment had expired under the laws of Wisconsin. Judgment was ordered for plaintiff for the full amount of such support payments from July 1, 1920, through January 1930, the month during which the minor son reached his majority. This appeal is from an order denying defendant's motion for a new trial.

The chief defense asserted by defendant, and the one upon which we choose to rest our decision, is that this is an action on a foreign judgment, and, as such, that it is barred by the Minnesota statute of limitations, M. S. A. 541.04, which provides:

"No action shall be maintained upon a judgment or decree of a court of the United States, or of any state or territory thereof, unless begun within ten years after the entry of such judgment."

With reference to the period of time a *domestic* judgment requiring the payment of money shall survive and the lien thereof continue in Minnesota, § 548.09 provides in part:

"* * * Such judgment shall survive, and the lien thereof continue, for the period of ten years next after its entry, *and no longer.*" (Italics supplied.)

Defendant's pleading brings into issue the statute of limitations on this type of action. Statutes which limit the period within which actions may be commenced are generally considered procedural, and therefore the law of the forum is applied. Weston v. Jones, 160 Minn. 32, 199 N. W. 431; 1 Dunnell, Dig. & Supp. § 1546; 53

C. J. S., Limitations of Actions, § 27. In Minnesota, the period of limitation varies with the type of action, and therefore the proper statute to invoke in the instant case depends upon the nature of the decree which the Wisconsin court issued. Plaintiff contends that this decree merely raised a debt of record and was not a final judgment. However, the fact that in Wisconsin such decree had the full force and effect of a judgment when the infant reached his majority on January 22, 1930, is amply illustrated by Halmu v. Halmu, 247 Wis. 124, 19 N. W. (2d) 317.

That case involved an attempt to compel by contempt proceedings the payment of arrearages in support money after the child had reached its majority. After holding that this was not the proper remedy, but that the wife was relegated to an independent action either of debt upon a record or judgment or in restitution, the court said that the proper statute of limitation to apply to the judgment involved was Wisconsin St. 1947, § 330.16. That statute provides a 20-year limitation on "An action upon a judgment or decree of any court of record of this state or of the United States sitting within this state." The court then went on to say (247 Wis. 136, 19 N. W. [2d] 322):

"* * * While the portions of the divorce judgment in this case requiring the payment of support money were subject to change and modification during the minority of the children the divorce court for reasons heretofore outlined completely lost jurisdiction at majority to deal with the amounts due and these became fixed and beyond the control of the court. The judgment and its various amendments fixed defendant's duty to pay sums certain in money and the amount due is arrived at by a computation based upon the record."

Further, our court has held that similar foreign judgments, subject to modification or cancellation and payable in installments, are absolute and final as to all installments which have accrued under the judgment as long as the judgment is absolute in its terms and remains unmodified, or, at least, until an application for modification is made. Ladd v. Martineau, 205 Minn. 129, 285 N. W.

281; Holton v. Holton, 153 Minn. 346, 190 N. W. 542, 41 A. L. R. 1415.

This suit is properly viewed as an action on a foreign judgment, and the proper statute of limitations to apply is § 541.04. That statute places an absolute limit of ten years on such actions, and it is not in any way tolled or modified by § 541.13, which tolls other statutes of limitation for periods during which the defendant is absent from the state. Gaines v. Grunewald, 102 Minn. 245, 113 N. W. 450; 3 Dunnell, Dig. & Supp. § 5150. Cf. Olson v. Dahl, 99 Minn. 433, 109 N. W. 1001, 8 L. R. A. (N. S.) 444, 116 A. S. R. 435, 9 Ann. Cas. 252; County of Blue Earth v. Williams, 196 Minn. 501, 265 N. W. 329.

It follows that after January 22, 1940, action on this Wisconsin judgment was outlawed, and the judgment was *functus officio* in Minnesota. Therefore this action, commenced in 1946, cannot be maintained.

Reversed.