THE CAMPBELL PRINTING PRESS AND MANUFACTURING
COMPANY, PLAINTIFF IN ERROR, v. THE ROCKAWAY
PUBLISHING COMPANY, DEFENDANT IN ERROR.

When goods are sold on terms that the vendee shall give his notes for the ·
purchase-price and that the title shall remain in the vendor until a
mortgage is given to secure the notes or the price is paid, and no right
of innocent third parties intervenes, the title continues in the seller,
although he recovers judgment on the notes. After such judgment he
may reclaim the goods by replevin. The case of *Heller* v. *Elliott*, 15 ·
*Vroom* 467, distinguished.

In error.

For the plaintiff in error, *R. Wayne Parker.*

The opinion of the court was delivered by

VAN SYCKEL, J.    The Campbell company sold to the
Rockaway company a printing press. The contract of sale,
which is in writing, provides that in thirty days after the
receipt of the bill of lading the vendee shall pay $25 in cash,
and give its notes for the balance of the purchase-price; that
the purchaser shall insure the press and deposit the policy
with the vendor. It was further agreed as follows:

" It is also agreed that the deferred payments above mentioned shall be secured by first mortgage on the property herein contracted to be sold. It is further agreed that the title to the said property shall remain in the seller until such mortgage be given, or until the purchase-price, with interest, has been fully paid ; and in case of any default in any of the terms of this contract, the seller shall have the right to take immediate possession of said property.

" Upon the execution and delivery of the aforesaid mortgage, or the payment of the purchase-price in cash, the Campbell Printing Press and Manufacturing Company agree to execute and deliver a good and sufficient bill of sale of the above-described property."

The press was delivered to the Rockaway company and notes given for the purchase-price to the vendor, but the mortgage to secure the notes was not given.

When the notes matured the vendor brought suit upon them and recovered judgment, and afterwards brought an action of replevin to reclaim the printing press.

The trial court held that the institution of the suit by the vendor for the purchase-price was an election of his remedy and necessarily a waiver of his right to retake the property.

Error is assigned upon this ruling of the trial judge, which was based upon the case of *Heller* v. *Elliott,* 15 *Vroom* 467, and 16 *Id.* 564.

In that case the property was sold for cash, on condition that the vendee should pay for it on delivery. After the delivery of the goods by the vendor to the vendee, and after the vendee sold the same goods to one of the defendants, the vendor caused an attachment to be issued against the property of the vendee for the price of the goods, and caused them to be levied on under that writ. After this proceeding the vendor claimed that he was still the owner of the goods, and brought an action of trover for them.

The Supreme Court, in a judgment subsequently affirmed by this court, held that the issuing and service of the attach-

ment was an affirmance of the sale and a waiver of the condition of payment before vesting of the title.

This case, we think, was correctly decided, because the levying on the property by the vendor under the attachment as the property of his vendee, was necessarily a recognition of the fact that the property did not remain in himself, but had passed to the purchaser from him.

The case of *Leatherbury* v. *Connor*, reported in 25 *Vroom* 172, also differs from the principal case. There the property was sold March 7th, 1889, to be paid for by a three-months note, to be secured by a chattel mortgage, which the purchaser promised to execute on the following Monday. The property was delivered, but the mortgage was not executed. Various excuses for its non-execution were given, until the vendee became insolvent more than a month afterwards. A receiver was appointed for the insolvent vendee, who in May, 1889, sold the property to a third person.

The vendor thereafter, by suit, sought to reclaim the property from the receiver's vendee.

This court denied the right of the original vendor to set up title to the property, on the ground that he was bound to pursue his right to the possession of the goods with reasonable diligence before a purchaser in good faith acquired them, and that by his conduct he had acquiesced in the possession of the chattels by the insolvent vendee as his property to such an extent as to protect the buyer at the receiver's sale.

In the case in hand no question is presented as to the rights of innocent third parties. The rights of these litigants must be adjudged according to the terms of the contract into which they have entered.

Such contracts as that in Leatherbury *v.* Connor do not contemplate an absolute sale. The cases cited in the report of that decision show that it is well settled that delivery of the goods to the vendee does not make the sale absolute. *Marvin Safe Co.* v. *Norton*, 19 *Vroom* 410.

The contract in this case expressly provides that the title shall remain in the seller until the mortgage is given or the

purchase-price paid, and that when the mortgage is given or the purchase-price is paid, the seller shall execute and deliver a bill of sale to the buyer.

If the vendee desired to acquire title absolute, he was bound to execute his part of the engagement; until then, the vendor retained title. No right of third parties intervened to affect the transaction.

The taking of promissory notes by a materialman does not affect his right to file a mechanics' lien. *Slingerland* v. *Lindsley*, 1 *N. J. L. J.* 115; *France* v. *Netherwood Hotel*, 2 *Id.* 90.

The plaintiff in error had a right to the vendee's notes by the express terms of the contract, and the right to enforce the payment of the notes by any legal proceeding, without surrendering the further right to a mortgage which the agreement gave to the mortgagee or to payment before the title passed. Such was the undertaking of the parties, and the contract must be enforced as it was made.

The judgment below must be reversed.

*For affirmance*—REED. 1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, ABBETT, DEPUE, DIXON, GARRISON, LIPPINCOTT, VAN SYCKEL, BOGERT, BROWN, KRUEGER, SMITH. 12.