## J. L. BIEDER COMPANY v. ALFRED E. ROSE.[1]

### October 12, 1917.

### No. 20,501.

**Action on foreign judgment — statute of limitations.**

> An Illinois judgment, entered August 13, 1907, was not outlawed March 16, 1916, under the Illinois statutes which provide that no execution shall issue on a judgment after seven years, but that action of debt on the judgment may be brought within 20 years after the date of the judgment. Section 7709, G. S. 1913, which provides, that when a cause of action has arisen outside of this state and by the laws of the place where it arose action thereon is barred by lapse of time, no such action shall be maintained in this state, has no application to such a case.

Action in the district court for Hennepin county to recover $922.70 upon a judgment entered in the municipal court of Chicago in 1907. The case was tried before Steele, J., who made findings and ordered judgment in favor of plaintiff for the amount demanded. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Eugene S. Bibb,* for appellant.

*Henderson, Wunderlich, Brandebury & Stiles,* for respondent.

HALLAM, J.

This is an action on a judgment entered in the municipal court of the city of Chicago on August 13, 1907. This action was commenced March 16, 1916. The claim of defendant is that the judgment was outlawed when this action was brought. The trial court decided adversely to this contention and the defendant appealed.

Section 7700, G. S. 1913, provides that "no action shall be maintained

[1]Reported in 164 N. W. 586.

upon a judgment * * * of any state * * * unless begun within ten years after the entry of such judgment." This section applies to foreign as well as domestic judgments. Gaines v. Grunewald, 102 Minn. 245, 113 N. W. 450. Under this section the judgment was not outlawed.

Section 7709 provides, however, that "when a cause of action has arisen outside of this state, and, by the laws of the place where it arose, an action thereon is there barred by lapse of time, no such action shall be maintained in this state." An exception follows which is not important here. Defendant contends that by the laws of Illinois, where this cause of action arose, that is, where this judgment was entered, action upon it was barred by lapse of time before this suit was brought, and that therefore by reason of section 7709 no action can be maintained in this state.

The pertinent Illinois statutes are as follows: Section 6, chapter 77, Hurd's Rev. St. 1915 provides: "No execution shall issue upon any judgment after the expiration of seven years from the time the same becomes a lien, except upon the revival of same by *scire facias*." Section 26, chapter 83, provides: "Judgment in any court of record in this state may be revived by *scire facias,* or an action of debt may be brought thereon within twenty years after the date of such judgment, and not after."

It seems clear from reading these sections together, that defendant's contention cannot be sustained. If action on the judgment had been barred by the laws of Illinois, no action could have been maintained upon it in this state, but action on the judgment was not barred by the laws of Illinois, for the laws of Illinois provide expressly to the contrary, that is, they provide that action on the judgment may be brought within 20 years after the judgment is entered.

The fact that no execution can be issued on the judgment after seven years is not of controlling importance. Our statute, section 7709, denies a right of action on a cause of action which arose in another state and not outlawed here, only in case "action thereon is there barred by lapse of time" by the laws of the state where the cause of action arose. It is the right to bring action on the judgment in the state where it was entered, and not the right to issue execution on it, that is important. The fact that an execution cannot be issued on a judgment may have a

bearing upon its status, but a judgment may be complete as a cause of action though no right to an execution exists.   See Mills v. Duryee, 7 Cranch, 481, 3 L. ed. 411; Epling v. Dickson, 170 Ill. 329, 48 N. E. 1001. Defendant has cited a number of decisions arising under statutes which fix a limit of time within which execution may be issued, but which do not, as does the Illinois statute, prescribe a longer time for the bringing of an action on the judgment.   These decisions do not help us in construing the statute before us.

Order affirmed.