634

## In re DANCER.

No. 17084.

District Court, D. New Jersey.

Sept. 13, 1932.

Palmer & Powell, of Mt. Holly, N. J., for claimant.

Henry K. Golenbock, of Perth Amboy, N. J., for trustee.

AVIS, District Judge.

The bankrupt, on sundry dates in the years 1929, 1930, and 1931, purchased from Norman Bright, the claimant, certain farm machinery on conditional sale contracts. These contracts contained clauses reserving title and right to repossession, in case of default of the buyer in making payments in accordance with the contracts; and certain promissory notes were given by the buyer to the seller, as evidence of, and to secure, the indebtedness. The record is not entirely clear as to dates, but apparently the seller, upon default of the buyer, entered judgment in the New Jersey Supreme Court for the balance due, and within four months of the adjudication of Dancer as a bankrupt. Under this judgment, an execution was issued and a levy made by the sheriff in behalf of the seller.

The trustee invokes the provisions of section 24 of the New Jersey Uniform Conditional Sales Act (vol. 2, Cum. Supp. to Comp. Stat. 1911–1924, page 3135, § 182—110), which section reads as follows: "After the retaking of possession as provided in section sixteen the buyer shall be liable for the price only after a resale and only to the extent provided in section twenty-two. Neither the bringing of an action by the seller for the recovery of the whole or any part of the price, nor the recovery of judgment in such action, nor the collection of a portion of the price, shall be deemed inconsistent with a later retaking of the goods as provided in section sixteen. But such right of retaking shall not be exercised by the seller after he has collected the entire price, or after he has claimed a lien upon the goods, or attached them, or levied upon them as the goods of the buyer."

The claimant admits that the statute precludes recovery of the chattels, but contends that its provisions are for the personal protection of the buyer (the bankrupt), and that he waived the protection of the statute by certain clauses contained in the conditional bills of sale, which read as follows:

"The negotiation or discounting of said notes, or renewals or extensions thereof, the assignment of this contract, or the instituting of suit or procuring of judgment thereon, or the loss, injury or destruction of said property, shall not operate as payment or in any manner release said purchaser from his obligations hereunder, and the holder of said note shall be entitled to all the rights of the seller hereunder." Clause 4.

"The seller shall have the right to enforce any one or more remedies hereunder, either successively or concurrently, and such action shall not operate to estop or prevent the seller from pursuing any other remedy which he may have hereunder, and any repossession or retaking of the property temporary or otherwise, or sale of the property, pursuant to the terms hereof shall not operate to release the purchaser until full payment has been made in cash." Clause 10.

No cases in New Jersey, construing the provisions of the statute, are cited in either brief, and the court has not found any after a careful search.

It is true that prior to the adoption of the uniform act, the New Jersey courts had held that the seller did not waive his title to the chattels by suit on notes given for the purchase price, or by attachment of the goods.

See Campbell Printing Press & Mfg. Co. v. Rockaway Publishing Co., 56 N. J. Law

676, 29 A. 681, 44 Am. St. Rep. 410; Kirch v. La Tourette, 91 N. J. Law, 35, 102 A. 873. But these decisions, having been rendered prior to the adoption of the uniform act, would appear not to be binding, in view of the specific provisions of section 24, supra.

The trustee in bankruptcy is generally bound by the bankrupt's waivers, estoppels, and admissions. Remington Bankruptcy (3d Ed.) vol. 4, § 1419.

The questions involved, therefore, are:

(1) Is the statute to be construed as being a personal privilege; or as containing provisions to secure general objects of policy or morals?

(2) Did the bankrupt waive the protection afforded by the statute?

As to the first question, the Legislature, by the terms of the act, did not preclude waiver of the provisions of this section, although by section 26 of the act (Comp. St. Supp. N. J. § 182—112) the buyer was not permitted to waive the protection provided in certain other sections. There is nothing in the act affirmatively permitting waiver of any provisions inserted for the protection of the buyer or the public.

In view of the clear directory provisions of the section, and the fact that the public, and other creditors or parties in interest, might be benefited by reason thereof, I am satisfied that the bankrupt was not authorized to waive the provisions of this statute.

The second question involves the effectiveness of the alleged waiver.

The claim is that clauses 4 and 10 of the conditional sales contracts are, by their terms, waivers of the statutory protection. I am of the opinion that the buyer cannot be held to have waived, by provisions of the original contract, by inference, but that it must appear that the buyer knew of the protective provisions and specifically waived, or that his agreement or conduct were such as to raise a reasonable inference that a waiver was intended. No evidence is offered to show that at the times the contracts were executed the buyer had any knowledge of the statutory provision, which he knowingly waived. Certainly a buyer could not waive the provisions of a statute, either at the time of making a contract or later, without knowledge that the language of the contract, or subsequent action accomplished that result, except in instances where his action was prejudicial.

There is nothing in the case which indicates, either explicitly or by inference, that the bankrupt intended to waive the provisions of the statute.

The conclusions of the referee will be affirmed.