**FOWLER v. PILSON et al.**
No. 7757.

United States Court of Appeals for the
District of Columbia.

Decided Oct. 13, 1941.

Rehearing Denied Dec. 6, 1941.

S. Wallace Dempsey and Bruce Fuller, both of Washington, D. C., for appellant.

Arthur Hellen and Stanton C. Peelle, both of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

RUTLEDGE, Associate Justice.

Plaintiff, appellant here, is the assignee of a judgment rendered against defendant Raymond H. Pilson[1] in 1930 by a court of the State of California. By his creditor's bill, filed in 1937, he seeks to have a lien for payment of the amount of the judgment charged upon defendant's interest in the estate of his grandfather, Benjamin F. Pilson. The trial court dismissed the bill, holding that the present suit has been barred by the statute of limitations. The principal question on the appeal is whether this decision was right.

Section 343, Title 24, D.C.Code (1929), provides: "Every action upon a judgment or decree rendered in any State or Territory of the United States or in any foreign country shall be barred if by the laws of such State, Territory, or foreign country such action would there be barred and the judgment or decree be incapable of being otherwise enforced there."

If the section is controlling, reference to the law of California must be made to

---

[1] Other defendants included Ethel S. Pilson, mother of Raymond H. Pilson, and the trustees of the estate of Benjamin F. Pilson. The trustee in bankruptcy of Raymond H. Pilson, intervening, also appears as appellee here. By stipulation filed in the trial court and the agreed statement presented on appeal the issues have been confined so that it is unnecessary to consider defenses other than those applicable to Raymond H. Pilson.

apply it. We think the section applies, notwithstanding plaintiff's argument to the contrary. He urges that this suit is not an "action upon a judgment * * * rendered in any State," but is "an equitable action to reach property within the jurisdiction of this Court." From this he concludes that the California statutes have no pertinence, the law properly applicable being the "rule of limitations" followed in the District of Columbia, "particularly on the lapse of 20 years, under the common law." The premise obviously confuses the nature of the relief and of the proceedings appropriate to secure it with the foundation of the claim which plaintiff asserts to show he is entitled to the remedy. It is contradicted, too, by his own equally fervent insistence that the *judgment* has not been barred in California, is still enforceable there though not by action, and therefore requires application of Section 343 to permit him to maintain this suit.

This argument presents the substantial question, and we therefore turn to the pertinent California statutes. They are Sections 335, 336 and 685 of the Code of Civil Procedure, in material parts as follows:

"§ 335. The periods prescribed for the commencement of actions other than for the recovery of real property, are as follows * * *."

"336. Within five years: 1. An action upon a judgment or decree of any court of the United States or of any state within the United States. * * *"

"685. In all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, and after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of section 681[2] of this code. The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be grounds for the denial of the motion.

"Judgment in all cases may also be enforced or carried into execution after the lapse of five years from the date of its entry, by judgment for that purpose founded upon supplemental proceedings; but nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by limitation at the time of the passage of this act."

The parties differ concerning the effect to be given these statutes in the construction and application of Section 343 of the District of Columbia Code. Plaintiff urges that the California statutes bar not the judgment itself, which retains vitality for enforcement by execution,[3] but only the remedy by action upon the judgment. Furthermore, he seems to assert, though not with clarity, that "action," as used in Sections 335 and 336, does not include suits in equity, such as the present one. Defendant does not deny that the California judgment might be enforced there through application of the special procedure on execution, if property could be found amenable to that process, notwithstanding the five-year period allowed for enforcement by action has expired. But he insists this procedure is not only exclusive, but discretionary, with the California court; that the steps required to bring it into effect have not been taken; and that until this is done the judgment is entirely unenforceable in California. Consequently he concludes that the conditions of the District statute have been fulfilled, in that action has been barred in California by Section 336 and the judgment is "incapable of being otherwise enforced there."

We think it is clear that Section 336 of the California Code bars suits in equity as well as actions at law. It includes specifically "an action upon a judgment *or decree* * * *." (Italics supplied) Moreover, Section 335 provides: "The periods prescribed for the commencement of actions *other than for the recovery of real property,* are as follows." (Italics supplied) The framers of the California Code were not splitting equitable and legal hairs by using the single word "actions" rather than "actions at law and suits in equity."[4] The same is true regarding the District statute, Section 343. It seems clear therefore that this suit could not have been maintained in the California courts if it

---

[2] "The party in whose favor judgment is given may, at any time within five years after the entry thereof, have a writ of execution issued for its enforcement." Cal.Civ.Code Procedure (1937) § 681.

[3] No point is made by either party of the provision, in effect for revival of the judgment by supplemental proceedings to that end, contained in the concluding paragraph of Section 685.

[4] Doehla v. Phillips, 1907, 151 Cal. 488, 91 P. 330.

had been brought there when it was begun here. This conclusion is sustained by the California decisions, which are uniform in holding that independent proceedings for enforcement of the judgment cannot be maintained after the lapse of five years from its entry,[5] whether they be legal or equitable in the character of the relief sought. The special procedure by execution is available only in the suit, and therefore the court, in which the judgment was rendered. Apart from this, the California law makes no provision, except by revival, for giving effect or enforcement to a judgment more than five years old. It may be noted also that our Section 343 does not in terms require, as plaintiff seems to argue, that the California *judgment* be "barred" in California. The language is, "Every *action* upon a judgment or decree rendered in any State * * * shall be barred if by the laws of such State * * * *such action* would there be barred * * *." (Italics supplied) The present suit is therefore barred by Section 343, unless it has been saved by the conjunctive condition, "and the judgment or decree be incapable of being otherwise enforced there," *i. e.*, in California.

This condition presents the crucial question. Although the present suit would have been barred in California when it was begun here, was the judgment "incapable of being otherwise enforced there"? Plaintiff says the special procedure on execution (Section 685 of the California Code) provides a method of enforcing the judgment within the meaning of Section 343. Literally and most broadly interpreted, the statute supports this view. There is at least a possibly available means of securing satisfaction of the judgment, perhaps one more expeditious and not less certain than suing upon it to revive it or give it effect in some other way.

But defendant insists that the judgment is not enforceable, within the intent of Section 343, because the remedy by execution is not a matter of right but discretionary with the court for cause shown, and cause has not been shown nor discretion

called into play. Until this is done, it is said, it cannot be assumed that cause could be shown or that the discretion would be exercised favorably in plaintiff's behalf, and therefore the judgment is dormant, just as it would be if barred by limitations but subject to revival by suit for that purpose.[6] It is said that the purpose of Section 343, taken as a whole, is to provide a limit of time for commencing action on foreign judgments, and that enforceability as contemplated by the section must relate to the time action is begun here, not to contingencies which may happen only later or not at all.

To give the words "otherwise enforced" the broadest possible meaning would produce unusual, if not incongruous, results. It would be holding, in effect, that Congress intended the courts in the District to give relief on foreign judgments which could not be had in the jurisdiction of origin. This might be greater than, or merely different from, that afforded by the latter. One obvious general purpose of the statute was to bring about uniformity between the two jurisdictions in the time allowed for enforcing the judgment by suit. Another perhaps was to achieve uniformity in the scope and kinds of substantive relief available, though not always in the forms and procedures for making it so.[7] Both purposes would be defeated by the broad interpretation for which plaintiff contends. Thus, in the present case, although the judgment now would be enforceable in California only by the special execution procedure (or by revival), in the District all other forms of relief, now outlawed in California, would be available. The present suit, to establish the judgment as a lien on property here, could be maintained though a similar one could not be had in California. The same would be true concerning a suit upon the judgment to obtain a personal judgment against the defendant. The catalogue need not be recited. The sum of the matter, in plaintiff's view of the act, would be that, although California has outlawed all forms of litigation and other relief save one which could

---

[5] Faias v. Superior Court, 1933, 133 Cal.App. 525, 24 P.2d 567; Murphy v. Davids, 1921, 55 Cal.App. 416, 203 P. 802; Saunders v. Simms, 1920, 183 Cal. 167, 190 P. 806; cf. Pacific Gas, etc., Co. v. Elks Duck Club, 1940, 39 Cal.App. 2d 562, 103 P.2d 1030.

[6] See note 8 infra.

[7] The words "otherwise enforced" are used alternatively to "such action," and clearly comprehend that the judgment need not be enforceable in its original jurisdiction in the identical manner or form of proceeding by which enforcement is sought in the District.

not be used elsewhere, all types of relief by litigation would remain available here. A statute intended as one of repose and comity in litigation would have little or nothing of either effect in such an application.

Perhaps it would be consistent with the statute's general purposes to interpret the word "enforced" as meaning and being limited to relief by litigation. This view would avoid the incongruous consequences of the broader one. It would also give effect to the second condition of Section 343, since it would permit types of litigation here which might be barred in the jurisdiction of origin. The result would be that so long as that sovereignty permits enforcement by some form of independent judicial proceeding, other forms of suit would be allowed for enforcement here. Uniformity in the substance of relief by litigation, though not in the forms of suit or procedures, would be achieved.[8]

But we are not required, in order to dispose of this case, to restrict the meaning of "otherwise enforced" so narrowly. Such a construction, for instance, would outlaw all relief here, though plaintiff might have execution as a matter of right rather than of judicial discretion, under the law of the judgment's origin, other forms of relief being barred there. We need not determine whether existence of this type of remedy would satisfy the meaning of "otherwise enforced."

We think the sounder basis for decision exists in defendants' argument that enforceability within the meaning of Section 343 means a right of enforcement which exists at the time suit is begun here, not a mere possibility of enforcement in the future which depends upon a further showing of facts and a further exercise of judicial discretion.

Generally speaking, dormant judgments are not enforceable within other jurisdictions which have statutes of comity in the matter of limitations.[9] That is true, though the dormant judgment would be subject to revival by suit for that purpose.

We do not believe it was the intention of Section 343 to require or permit enforcement here of foreign judgments dormant in this sense. Possibility of revival, of course, means possibility of enforcing or satisfying the judgment after revival takes place. But we do not believe that such a contingency of satisfaction is contemplated by the words "otherwise enforced" or by the general purpose of the act. In view of the widespread existence of provisions for revival of judgments, the contrary view would make Section 343 practically a dead letter.

If provision for revival is insufficient as a means of enforcement to stop the operation of Section 343 as a bar to the suit, we see no good reason why this should not be true also of the special procedure on execution provided by the California statute. That procedure is in substance, if not in form, one for revival, though with limited effect. Issuance of execution is not automatic at the judgment creditor's election. It is discretionary with the court. Unless the discretion is exercised, and in the creditor's favor, the judgment is unenforceable. Furthermore, it can be exercised only in accordance with the statutory procedure. This is upon the creditor's motion, accompanied by affidavits, and after notice to the judgment debtor. Although the proceedings are part of the original litigation, they possess the essential qualities of independent judicial action, notice, hearing and exercise of judicial discretion. They constitute, in effect, a method of reviving the judgment, but with relief limited to the issuance of execution. That is true though the statute also makes provision for general revival founded upon supplemental proceedings. Until one or the other of these two procedures is made effective, the judgment is entirely dormant, and it is so denominated and regarded by the California courts.[10] If provision for general revival would be insufficient to bar the action under Section 343, it would seem that the provision for this special and more limited revival would be so also. Each presents only a possibil-

---

[8] Under the "full faith and credit" clause of the Federal Constitution art. 4, § 1, a judgment of one state is entitled to no greater effect than would be accorded in the state where rendered; therefore, its survival must be determined by the laws of the state where it was rendered. See note 8 infra.

[9] General Electric Co. v. Hurd, C.C.D. Or.1909, 171 F. 984; Chapman v. Chapman, 1892, 48 Kan. 636, 29 P. 1071; Swift & Co. v. Weston, 1930, 88 Mont. 40, 289 P. 1035; Tourtelot v. Booker, Tex.Civ.App.1913, 160 S.W. 293.

[10] Tolle v. Doak, 1936, 12 Cal.App.2d 195, 55 P.2d 542.

ity that the judgment may be enforced at some future time. At the date of this suit, therefore, the California judgment was incapable of being otherwise enforced within the meaning of Section 343.

Plaintiff also urges that the court erred in dismissing his supplemental complaint showing that defendant has filed a voluntary petition in bankruptcy during the pendency of this suit, and has listed the California judgment among his scheduled liabilities without indicating its disputed character. Plaintiff urges that this constituted a voluntary acknowledgment sufficient to remove the statutory bar against enforcement of the judgment debt. The contention is without merit. The requirement that the applicant indicate which of his scheduled liabilities are disputed, introduced by 52 Stat. 847 (1938), 11 U.S.C. § 25 (1939), 11 U.S.C.A. § 25, has not changed the previously existing rule in this respect.[11]

The order of dismissal is affirmed.

[11] In re Dancer, D.C.D.N.J.1932, 2 F. Supp. 634; In re Wooten, D.C.E.D.N.C. 1902, 118 F. 670; In re Lipman, D.C.S. D.N.Y.1899, 94 F. 353; 2 Remington, Bankruptcy (1940) 44.