## HUGHES v. LUCKER.

### No. 9810.

United States Court of Appeals
Third Circuit.

Argued April 5, 1949.

Decided April 11, 1949.

286

George H. Detweiler, of Philadelphia, Pa. (William H. Eckholdt, and Bundlie, Kelley, Finley & Maun, all of St. Paul, Minn., on the brief), for appellant.

Michael A. Foley, of Philadelphia, Pa., for appellee.

Before MARIS, GOODRICH and KALODNER, Circuit Judges.

PER CURIAM.

■ This is an action brought in the United States District Court for the Eastern District of Pennsylvania to recover for a death by wrongful act which occurred in Minnesota. The action was brought within the time limit of two years allowed by the Minnesota statute, but after the period of one year designated in the Pennsylvania statute for the commencement of such action. The plaintiff's argument stresses the point that the time limitation in a death by wrongful act statute has been considered substantive by the courts. With this proposition we thoroughly agree. But it does not decide this case. The Supreme Court of Pennsylvania has decided in Rosenzweig v. Heller, 1931, 302 Pa. 279, 153 A. 346, that the time limitation of the Pennsylvania statute not only limits the substantive rights arising out of operative facts occuring in Pennsylvania, but it also makes a rule of policy for Pennsylvania courts. That rule of policy is that no action for a death by wrongful act can be brought in Pennsylvania after the one year period has expired. Whether that declaration of policy is a wise one is not for us to determine. The Federal courts in diversity cases are bound by the state rules of conflict of laws closing the local courts to actions contrary to local policy as declared by the state courts. Griffin v. McCoach, 1941, 313 U.S. 498, 61 S.Ct. 1023, 85 L.Ed. 1481, 134 A.L.R. 1462.

The judgment of the district court will be affirmed.