## ROSENBERG v. ITCHCOVITZ.
### No. 884.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 6, 1950.

Decided March 15, 1950.

Arthur L. Willcher, Washington, D. C., with whom Jack Politz, Washington, D. C., was on the brief, for appellant.

Hyman J. Cohen, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellee brought suit on a judgment she had recovered against appellant in the Municipal Court of the City of Boston in the State of Massachusetts. After some preliminary motions by appellant the appellee moved for summary judgment, annexing to the motion an exemplified copy of the judgment on which the action was based. Appellant filed an affidavit in opposition. The motion was granted and this appeal taken.

Appellant says the granting of summary judgment was erroneous because of a genuine issue of fact raised by his affidavit. In his affidavit he stated that "he did not know of any judgment against him as alleged, and further states that the alleged judgment was obtained by fraud in that the defendant, after filing his answer in the Massachusetts case was not notified as to the trial date, nor was he notified of any judgment as alleged herein, as having been taken against him."

A motion for summary judgment cannot be granted if the record discloses "the existence of a genuine and material factual issue." Dewey v. Clark, 86 U.S. App.D.C. ——, 180 F.2d 766. The judgment was subject to attack for lack of jurisdiction or for fraud in procurement. Indemnity Ins. Co. of North America v. Smoot, 80 U.S.App.D.C. 287, 152 F.2d 667, 163 A.L.R. 498, certiorari denied 328 U.S. 835, 66 S.Ct. 981, 90 L.Ed. 1611. No question is raised as to the jurisdiction of the Massachusetts court over the subject matter. Appellant concedes he appeared there and filed an answer and therefore cannot and does not question the jurisdiction of the court over him. The question before us is whether the statements in appellant's affidavit, hereinbefore quoted, raised a genuine and material issue as to fraud in procurement of the judgment.

468 

 The statement that the judgment was obtained by fraud is a mere conclusion of law and is entitled to consideration only in connection with the allegation that the fraud consisted of the fact that after appellant filed his answer in the Massachusetts court he was not notified as to the trial date. It will be observed at once that there is no allegation that it was the duty of anyone to so notify appellant and no facts are alleged that would create such a duty by anyone. An exemplified copy of the judgment shows that appellant was personally served with summons, that he filed an answer in proper person, that the case was continued to a definite date, that appellant failed to appear on such date, that the case was then continued to a future definite date and on that date judgment was entered against appellant. In view of these circumstances the bare allegation that appellant was not notified of the trial date is not sufficient to raise an issue of fraud in procurement of the judgment. Especially is this true in the absence of any allegation that appellant had no means of ascertaining the trial date or that anyone prevented him from using such means. In the absence of a statute or rule requiring the giving of notice of trial—and we are not advised of any such statute or rule applicable in the Municipal Court of the City of Boston—a party litigant who has appeared in court is required to keep himself informed of the time his case is set for trial. And, finally, there is no direct allegation that appellant did not have knowledge of the date set for trial or that because of lack of such knowledge he failed to appear at trial.

 The result is that had appellant been allowed to prove all that he alleged, the court would have been required to direct a verdict against him. The granting of summary judgment was therefore proper. Dewey v. Clark, supra.

Appellant further contends as a matter of law that the judgment below was erroneous because the record of the Massachusetts judgment shows no execution issued within one year after entry of judgment. From this he argues that the judgment was unenforceable in Massachusetts, reliance being had on chapter 235, section 17, of the General Laws of Massachusetts which provides, among other things, that no original execution shall issue after the expiration of one year after the party is first entitled to take it out.

 In this jurisdiction action upon a judgment of any state is barred if by the laws of such state such action would there be barred and the judgment be incapable of being otherwise enforced there. Code 1940, § 12–203. Chapter 260, section 20, of the Massachusetts General Laws provides that a judgment shall be presumed to be paid and satisfied after the expiration of twenty years from the time it was rendered. This twenty-year period appears to be the only bar to a judgment in Massachusetts and is not an absolute bar but is a rebuttable presumption. Haynes v. Blanchard, 194 Mass. 244, 80 N.E. 504, 120 Am.St.Rep. 551; Knapp v. Knapp, 134 Mass. 353. The judgment here involved was entered April 7, 1939, is a subsisting judgment in Massachusetts and capable of enforcement there, and is not barred here.

The question of whether execution was ever issued appears to be immaterial under the Massachusetts law. "An action brought upon a judgment within twenty years after it is rendered may be maintained, without regard to the question whether an execution has been taken out or returned, unless the defendant proves payment or satisfaction." Linton v. Hurley, 114 Mass. 76.

Fowler v. Pilson, 74 App.D.C. 340, 123 F.2d 918, certiorari denied 316 U.S. 664, 62 S.Ct. 944, 86 L.Ed. 1740, relied on by appellant, is not applicable. That case involved a California statute which barred an action on a judgment after five years, and it was held that the California judgment would not support an action in that state and therefore could not be the basis of an action here. The judgment here involved is not barred in Massachusetts; neither is it barred here. Miller v. Miller, 74 App.D.C. 216, 122 F.2d 209.

 Appellee asks us to order a correction in the entry of judgment with respect to allowance of interest. If he is entitled to such correction, it should be made by the trial court. Application therefor may be made in the trial court.

Affirmed.