**JUNEAU SPRUCE CORPORATION, a corporation, Plaintiff,**

**v.**

**INTERNATIONAL LONGSHOREMEN'S & WAREHOUSEMEN'S UNION, an unincorporated association, and International Longshoremen's & Warehousemen's Union, Local 16, an unincorporated association, Defendants,**

**and**

**Central Pacific Bank, American Security Bank, and Bank of Hawaii, corporations, and International Longshoremen's & Warehousemen's Union, Local 142 and International Longshoremen's & Warehousemen's Union, Local 155, unincorporated associations, and ILWU Memorial Association, a non-profit corporation, Garnishees.**

**No. 1409.**

United States District Court,
D. Hawaii.

March 1, 1955.

Bouslog & Symonds, Honolulu, Hawaii (Myer C. Symonds, Honolulu, Hawaii), George R. Andersen, San Francisco, Cal., for defendants (judgment debtors), and Garnishee ILWU, Local 142.

McLAUGHLIN, District Judge.

The United States District Court for the District of Alaska, Division Number One, at Juneau, entered judgment on May 20, 1949, against the International Longshoremen's & Warehousemen's Union, hereinafter referred to as the judgment debtor, in the sum of $750,000[1]. The action had been brought under § 303 of the Taft-Hartley Act, 61 Stat. 136, 158(1947), 29 U.S.C.A. § 187. Judgment was affirmed by the Court of Appeals for this Circuit on May 5, 1951, 189 F.2d 177, rehearing denied June 8, 1951. The United States Supreme Court affirmed the decision on Jan. 7, 1952, 342 U.S. 237, 72 S.Ct. 235, 96 L.Ed. 275. Pursuant to 62 Stat. 958 (1948), as amended 68 Stat. 772 (1954), 28 U.S.C. § 1963,[2] the judgment was registered in this district on Dec. 9, 1954, and execution issued.

28 U.S.C. § 1963 does not give a new judgment to the judgment creditor. Registration is purely a ministerial act in the enforcement of a foreign judgment. It confers upon this court no power to alter the judgment itself. Gullet v. Gullet, 5 Cir., 1951, 188 F.2d 719. Registration is different from a suit upon a judgment which is a new and independent action, not ancillary to the original action. H. C. Cook Co. v. Beecher, C.C.D.Conn.1909, 172 F. 166,

Howard K. Hoddick and Henshaw, Conroy & Hamilton, Honolulu, Hawaii (Howard K. Hoddick and Frank De-Witt Gibson, Jr., Honolulu, Hawaii), for plaintiff (judgment creditor).

1. The Alaskan court decided that it was a court of the United States within the meaning of the Taft-Hartley Act on March 11, 1949, 83 F.Supp. 224.

2. "§ 1963. Registration in other districts.
    "A judgment in an action for the recovery of money or property now or hereafter entered in any district court which has become final by appeal or expiration of time for appeal may be registered in any other district by filing therein a certified copy of such judgment. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.
    "A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien.
    "For the purpose of this section only, 'district' as used herein shall include the Territory of Alaska, and 'district court' as used herein shall include the District Court for the Territory of Alaska."

affirmed 1910, 217 U.S. 497, 30 S.Ct. 601, 54 L.Ed. 855. The judgment creditor can still sue upon the Alaskan judgment in this court in an independent action, as well as register it, but can collect but once of course. Slade v. Dickinson, D.C.W.D.Mich.1949, 82 F.Supp. 416; Moore's Commentary on the U. S. Judicial Code, § 0.03(48), p. 386. His remedies remain cumulative in this situation. Town of Fletcher v. Hickman, 8 Cir., 1908, 165 F. 403. As revealed in the legislative history recorded at the time of an amendment to 28 U.S.C. § 1963 [3], U.S.Code Cong. & Adm. News 1954, p. 3142, the plain and simple purpose of the statute is enforcement of the original judgment.

■ 28 U.S.C. § 1963 was designed to relieve both creditors and debtors from the additional cost and harassment of further litigation which otherwise would be incident to an action on the judgment in a foreign district. U.S.Code Cong. & Adm.News, supra.[4] It supplies an equivalent remedy to a suit upon a judgment. It has the same effect as a judgment of the local forum, Gullet v. Gullet, supra. Therefore, although different from a suit upon a judgment, registration is designed to achieve the same result and the legal principles of a suit upon a judgment are generally applicable to problems that may arise from registration.

■ ▮ 28 U.S.C. § 1963 provides for the registration of a judgment. Previously, a creditor could only sue successfully upon a valid and subsisting judgment. If the statute of limitations had run upon the original judgment, it could no longer be used as the basis for a later suit unless the statute of limitations was waived. Freeman on Judgments, 5th Ed. (1925), Vol. 2, § 1063, p. 2218, note 13. Beale on The Conflict of Laws (1935), Vol. 3, § 604.4, p. 1625, note 4. The same holds true for 28 U.S.C. § 1963. A registrable judgment is one that is valid and subsisting in the jurisdiction of origin.

The issue before us is whether the judgment is one which qualifies under 28 U.S.C. § 1963 for registration. It does.

Alaskan law provides that an action upon a judgment is not barred until 10 years have passed.[5] A lien secured by a judgment is for a similar 10-year period.[6] The time limit as to the issuance of a writ of execution is different. Alaska Compiled Laws Annotated 1949, Vol. 3, § 55–9–73[7] provides that the clerk of the court shall issue the writ of execution. However, after five years have elapsed from the date of the entry of judgment the issuance of the writ is controlled by Alaska Compiled Laws Annotated 1949, Vol. 3, § 55–9–89[8], a statutory adaption of the common

---

3. The legislative history as reported to the amendment, which extended the scope of 28 U.S.C. § 1963 to judgments of the district court of Alaska, is applicable to the whole section.

4. The background of 28 U.S.C. § 1963 is available in Moore's Federal Practice, 2d Ed. (1948), Vol. 2, § 1.04(2), p. 26.

5. Alaska Compiled Laws Annotated, Vol. 3:
   "§ 55–2–3.—Action upon judgment or sealed instrument. Within ten years—
   "First. An action upon a judgment or decree of any court of the United States, or of any State or Territory within the United States; * * *."

6. Alaska Compiled Laws Annotated, Vol. 3:
   "§ 55–9–62. Expiration and renewal of lien. Whenever, after the entry of judgment, a period of ten years shall elapse without an execution being issued on such judgment, the lien thereof shall expire. * * *"

7. "§ 55–9–73. By whom execution issued: Contents of writ. The writ of execution shall be issued by the clerk and directed to the marshal. * * *"

8. "§ 55–9–89. Issuance of execution after five years. Whenever, after the entry of judgment, a period of five years shall elapse without an execution being issued

law writ of *scire facias*. See Freeman on Executions, 3d Ed. (1900), Vol. 1, § 95, p. 347; also compare the definition of *scire facias* in Black's Law Dictionary (3rd Ed.) with the Alaskan statute. The granting of execution pursuant to § 55–9–89 is not discretionary. If no valid defense is presented by the judgment debtor execution is given as a matter of course. The statute uses the mandatory words "shall be allowed of course." There is authority that unless the statute provides otherwise, execution is a matter of right, 49 C.J.S. Judgments, § 535, p. 991, citing Hagans v. Blitch, 1909, 6 Ga.App. 839, 65 S.E. 1082. Freeman on Executions, supra, § 97, p. 349, states: "The execution must issue unless the judgment has been satisfied, or has ceased to be in force through lapse of time, or the defendant has by some means been released from his liability", citing Lee v. Watkins, 1856, 13 How.Prac., N.Y., 178, 3 App.Pr. 243.

The judgment debtor would put judgments in three categories: (1) "live", where time in the jurisdiction of rendition has not run as to the judgment or writ of execution; (2) "dormant", where the time in the jurisdiction of rendition has run as to the writ of execution but not as to the judgment; and (3) "dead", where time in the jurisdiction of rendition has run as to both the writ of execution and the judgment. The judgment debtor contends that 28 U.S.C. § 1963 can be used only to register "live" judgments.

The judgment creditor never secured a writ of execution from any Alaskan court. Because more than 5 years have elapsed from the date of judgment, the judgment debtor moves to vacate the registration of the judgment, alleging it is a "dormant" one, incapable of being registered.

The leading case relied upon by the judgment debtor to support the contention that "dormant" judgments cannot be registered is Fowler v. Pilson, 1941, 74 App.D.C. 340, 123 F.2d 918, 922, certiorari denied 316 U.S. 664, 62 S. Ct. 944, 86 L.Ed. 1740. The court therein stated, "Generally speaking, dormant judgments are not enforceable within other jurisdictions which have statutes of comity in the matter of limitations." The applicable District of Columbia statute, § 343 of Title 24, D.C.Code 1929,[9] is similar to the provisions of § 10428 of the Revised Laws of Hawaii, 1945.[10]

---

on such judgment, thereafter an execution shall not issue except as in this section provided:

"First. The party in whose favor a judgment is given shall file a motion with the clerk of the court where the judgment is entered for leave to issue an execution. The motion shall state the names of the parties to the judgment, the date of its entry, and the amount claimed to be due thereon, or the particular property of which the possession was thereby adjudged to such party remaining undelivered. The motion shall be subscribed and verified in like manner as a complaint in an action;

* * * * *

"Fourth. The judgment debtor, or, in case of his death, his representatives, may file an answer to such motion within the time allowed to answer a complaint in an action, alleging any defense to such motion which may exist. If no answer be filed within the time prescribed, the motion shall be allowed of course. The moving party may demur or reply to the answer. The party opposed to the motion may demur to the same or to the reply. The pleading shall be subscribed and verified and the proceedings conducted as in an action; * * *."

9. "Every action upon a judgment or decree rendered in any State or Territory of the United States or in any foreign country shall be barred if by the laws of such State, Territory, or foreign country such action would there be barred and the judgment or decree be incapable of being otherwise enforced there."

10. "Sec. 10428. Action barred in foreign jurisdiction. When a cause of action has arisen in any foreign jurisdiction, and by the laws thereof an action thereon cannot there be maintained against a person, by reason of the lapse of time, an action thereon shall not be maintained against him in this Territory * * *."

They both provide that if the foreign judgment is barred in the court which rendered the judgment because of lapse of time, it cannot be sued upon locally. These statutes follow the rule of Freeman on Judgments, supra, and Beale on The Conflict of Laws, supra, as to suits upon non-valid and non-subsisting judgments.

■ The judgment sought to be enforced in Fowler v. Pilson, was a California one. The California statute of limitations as to suits upon a judgment differs from the Alaskan statute. At the time of Fowler v. Pilson, supra, the period of limitations prescribed by the Calif. Code of Civil Procedure within which an action could be maintained upon a judgment or decree of any court of the United States or of any state within the United States was five years. However, provision was made whereby a non-valid and non-subsisting judgment because of the running of this statute of limitations could be enforced for another five years "within the sound discretion of the trial court", Faias v. Superior Court of Alameda County, 1933, 133 Cal.App. 525, 24 P.2d 567, 569; also Saunders v. Simms, 1920, 183 Cal. 167, 190 P. 806, 15 Cal.Jur. Judgments, § 260, p. 262.[11] This differs from Alaskan

law, where the judgment is valid and subsisting for 10 years and enforcement after 5 years is a matter of course, if no valid defenses are presented. Laches on the part of the judgment creditor is not such a defense, Town of Fletcher v. Hickman, supra. The court in Fowler v. Pilson, supra, as to the facts involved held that a California judgment is not enforceable within the District of Columbia because the mere possibility of the revival of a foreign "dormant" judgment is not sufficient to allow it to be enforced locally.

In support of the general proposition that a "dormant" judgment is not enforceable in a foreign jurisdiction, the Court of Appeals in Fowler v. Pilson, supra, cited several cases. A close analysis of these decisions fails to reveal real support for the proposition. General Electric Co. v. Hurd, C.C.Or. 1909, 171 F. 984, 987 was decided upon two grounds: first, that the judgment was "dead", so no execution could be issued upon it; and secondly, that if the judgment was only dormant, the decrees involved were capable of revival only through the discretion of the court that rendered them, so that "If the execution was issuable as of course, the right thereto would be apparent". This case sup-

---

11. The applicable California code provisions were sections 335, 336 and 685 of the California Code of Civil Procedure, in material parts as follows:

"'§ 335. The periods prescribed for the commencement of actions other than for the recovery of real property, are as follows * * *.'"

"'336. Within five years: 1. An action upon a judgment or decree of any court of the United States or of any state within the United States. * * *'

"'685. In all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, and after due notice to the judgment debtor accompanied by an affidavit or affidavits setting forth the reasons for failure to proceed in compliance with the provisions of section 681 of this code. The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, shall be grounds for the ʳ ːːⅈal of the motion.'"

Since Fowler v. Pilson, 74 App.D.C. 340, 123 F.2d 918, the California statute of limitations as to judgments has been changed. Section 337.5 of the Code of Civil Procedure of the State of California now provides that "Within 10 years: * * * 3. An action upon a judgment or decree of any court of the United States or of any state within the United States."

The question of whether a California judgment or one from a state having a similar time limitation as to judgments and execution, which has not been executed upon after 5 years, can be registered in this court is superfluous to this decision. However, obiter dicta, in light of the fact that the judgment creditor could still sue upon the foreign judgment in this forum and that 28 U.S.C. § 1963 gives the same effect as a suit upon a judgment and our discussion, infra, as to procedural matters, the judgment in such a case should be allowed to be registered under 28 U.S.C. § 1963.

ports the actual decision given in Fowler v. Pilson, supra, not the general proposition as to "dormant" judgments. In Swift & Co. v. Weston, 1930, 88 Mont. 40, 289 P. 1035, the majority held that a Nebraska judgment was "dead" and so incapable of enforcement in Montana. A dissenting opinion was based upon the theory that the judgment was only "dormant" and could be revived and thus should be allowed as the basis for a suit in Montana. Tourtelot v. Booker, Tex.Civ.App.1913, 160 S.W. 293 involved a "dead" judgment. Chapman v. Chapman, 1892, 48 Kan. 636, 29 P. 1071 is a case supporting the judgment debtor's position insofar as the language of the decision is concerned. The court held that because the judgment in question had not been properly revived it was unenforceable anywhere. If we go beyond the decision, it is seen that the judgment was actually "dead". The statute of limitations of Ohio as to suits upon a judgment was for 15 years.[12] The action was brought in Kansas 27 years after the judgment was secured, and 25 years after the last execution was issued.

The judgment debtor also relies upon a statement in 50 C.J.S., Judgments, § 868, p. 444, that:

> "By the weight of authority a judgment which has been allowed to become dormant under the laws of the state where it was rendered cannot be enforced by an action in another state, even though the dormant judgment is subject to revival by a suit for that purpose, since to allow such enforcement would be to give effect to that which had no effect in the state where the judgment was rendered."

Authorities cited in support of this proposition are Fowler v. Pilson, supra, and Tourtelot v. Booker, both of which are distinguishable from the factual situation before us as previously discussed. Schluter v. Sell, Tex.Civ.App.1946, 194 S.W.2d 125, involved a "dead" judgment. In Tourtelot v. Booker the Texas court named Chapman v. Chapman, supra, previously examined; St. Louis Type Foundry Co. v. Jackson, 1895, 128 Mo. 119, 30 S.W. 521; and Baker v. Stonebraker, 1865, 36 Mo. 338, 339, in support of its dicta as to "dormant" judgments. These last two cases both involved "dead" judgments. Whether this court is giving more relief to the judgment creditor than an Alaskan court will hereafter be discussed.

34 C.J., Judgments, § 1570, p. 1106, also supports the judgment debtor's contention. The only case therein cited, not already discussed, is Ferguson-McKinney Dry Goods Co. v. Garrett, Tex. Civ.App.1921, 235 S.W. 245. This case is similar to Chapman v. Chapman, supra, in that the decision is based upon the "dormancy" of an Oklahoma judgment, and so is authority for the proposition in Corpus Juris. However, an examination of the statutes of Oklahoma, Revised Laws of Oklahoma, 1910, § 4657,[13] reveals that the judgment was in fact "dead."

The judgment debtor has cited other cases in support of his contention. Alaska Credit Bureau v. Burnell, 1946, 11 Alaska Reports 82, concerns a "dead" judgment, as does Long v. Smith, 1923, 125 Wash. 183, 215 P. 342. Farquharson v. Fresno Oil Co., 8 Cir., 1925, 9 F.2d 515, involved the question as to when a local statute of limitations applicable to foreign judgments began to run, and was decided upon this issue. Hughes v. Lucker, 3 Cir., 1949, 174 F. 2d 285, was based upon a local rule of policy. In Gilmer v. Spitalny, 84 Cal

---

12. Swan's Revised Statutes of Ohio, 1854, p. 627:

"(13.) Sec. XIII. Within fifteen years:

"An action upon a speciality, or any agreement, contract, or promise in writing."

13. "§ 4657. Limitation of other actions.

Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

    *       *       *       *       *

"Fourth. Within one year: An action on a foreign judgment; * * *.""

App.2d 39, 189 P.2d 744, the ruling was concerned with the judgment creditor's attempted enlargement of the foreign judgment itself, not any question of "dormancy." United States, for use and benefit of Grohne v. English Const. Co., Inc., D.C.S.D.N.Y.1951, 95 F.Supp. 763, seemingly involved a statute other than 28 U.S.C. § 1963. It was probably predicated upon 28 U.S.C. § 2413. If not, we must disagree with its conclusion for the reasons stated in this opinion.

■ There is authority, which we adopt, sanctioning action upon a "dormant" judgment if the facts show "dormancy" derived from a time limitation upon execution patterned on the ancient writ of *scire facias*, and does not involve discretionary revival of the judgment itself, similar to the California statute (Footnote 11). The following decisions allow both foreign and domestic judgments to be sued upon notwithstanding that the time for issuance of execution had expired, provided that revival was a matter of course and that the statute of limitations had not run as to the judgment itself in the state of rendition. Rosenberg v. Itchcovitz, D.C.Mun.App.1950, 72 A.2d 466; J. L. Bieder Co. v. Rose, 1917, 138 Minn. 121, 164 N.W. 586; 164 East 72nd St. Corp. v. Ismay, 1944, 65 Cal.App.2d 574, 151 P.2d 29; State ex rel. Wilson v. Young, 1932, 44 Wyo. 6, 7 P.2d 216, 81 A.L.R. 114; Graham v. Simon, 1907, 76 Ohio St. 77, 81 N.E. 170; State v. Hart Refineries, 1939, 109 Mont. 140, 92 P.2d 766, 123 A.L.R. 555; Davis v. Davis, 4 Cir., 1909, 174 F. 786; American Ry. Express Co. v. F. S. Royster Guano Co., 1925, 141 Va. 602, 126 S.E. 678; Mahoney v. State Ins. Co., 1907, 133 Iowa 570, 110 N.W. 1041; Chaloupka v. Martin, 1917, 179 Iowa 1173, 162 N.W. 567; Linton v. Hurley, 114 Mass. 76; Dickson v. Epling, 1897, 170 Ill. 329, 48 N. E. 1001.

Rosenberg v. Itchcovitz, supra, was decided by the Municipal Court of Appeals for the District of Columbia. It allowed suit on a foreign judgment from Massachusetts, holding that the foreign judgment was a subsisting one and so enforceable in the District of Columbia. Fowler v. Pilson, supra, from the District of Columbia federal court, was distinguished as a case relating to a nonvalid judgment.

J. L. Bieder Company v. Rose, supra [138 Minn. 121, 164 N.W. 587], contained facts similar to the case before us. The court held:

"The fact that no execution can be issued on the judgment after seven years is not of controlling importance. * * * It is the right to bring action on the judgment in the state where it was entered, and not the right to issue execution on it, that is important. The fact that an execution cannot be issued on a judgment may have a bearing upon its status, but a judgment may be complete as a cause of action though no right to an execution exists."

In the present case, it is the right to register the judgment, analogous to the right to sue upon a judgment, that is controlling.

Freeman on Judgments, supra, § 1063, p. 2217, states:

"A judgment may be enforced by action, though the right to take out execution has terminated by lapse of time. * * * Though a judgment be dormant in the sense that no execution can properly issue upon it until some proceeding is prosecuted to revive it or to obtain leave to issue execution, it will nevertheless sustain an action founded upon it."

Freeman evidently thinks the courts in Tourtelot v. Booker, supra, and St. Louis Type Foundry v. Jackson, supra, were using the word "dormant" to mean "dead" (Page 2218, Note 14).

Beale on The Conflict of Laws, supra, § 604.4, p. 1625, states:

"* * * if a judgment has become dormant in its own state, and can still be revived by proceedings there, action may still be brought on

it in another state where the statute has not run."

▮▮▮ Allowing registration under 28 U.S.C. § 1963 of a judgment that is "dormant" achieves a just result. Any defenses that could be given in Alaska as to why a writ of execution should not be issued as a matter of course can be raised before this court. It would be a useless and time-wasting procedure to have the judgment creditor go back to Alaska to secure a writ of execution, when the same legal claims can be made and decided in Hawaii. "Dead", "dormant", "live" are words which really do not reach the heart of the matter. They are words of art, which must be construed by the facts of each case in which they are used. Whether a foreign judgment may be registered under 28 U. S.C. § 1963 or be used as the basis for another action depends upon whether it is a valid and subsisting judgment in the court which rendered it. Thus a "dormant" judgment may or may not be a presently valid one. If revival of execution is patterned on the writ of *scire facias* it is still valid. If revival of the judgment itself may be denied in the discretion of the court of origin it is not a presently subsisting judgment and cannot be registered under 28 U. S.C. § 1963. The judgment before us can be called both "live" and "dormant", "live" because it is still a valid judgment, and "dormant" because the time for getting a writ of execution in Alaska from the Clerk of the Alaskan court to reach Alaskan property only has run out. But of more importance, it is presently valid and subsisting in Alaska. Suit can be had upon it there, and so it can be registered in this court.

We previously alluded to the question whether this court is giving more to the judgment creditor than the court which rendered the judgment would give. This was a paramount reason for the dicta in Tourtelot v. Booker, supra, as to suits upon "dormant" judgments. The theory in that case and in the other decisions citing it is that the court of rendition would not issue execution until the judgment was first revived, and therefore the local forum should not do so until the judgment has been revived.

▮▮▮ This theory confuses substantive and procedural law. A writ of execution is not part of the judgment itself and must be distinguished from it. *Accord:* National Discount Corp. v. O'Mell, 6 Cir., 1952, 194 F.2d 452; and F. H. A. v. Burr, 1940, 309 U.S. 242, 251, 60 S.Ct. 488, 84 L.Ed. 724. It is a procedural devise issued by a court to assist a successful litigant in obtaining the benefits of the judgment awarded him. Its sole function is related to enforcing the judgment of the court. Provisions prescribing the time limits for execution are not statutes of limitations on the judgment itself, Custer v. McCutcheon, 1931, 283 U.S. 514, 519, 51 S.Ct. 530, 75 L.Ed. 1239; Miller v. United States, 9 Cir., 1947, 160 F.2d 608.

A California type statute of limitations renders the judgment itself to be presently non-valid and non-subsisting, and must be distinguished from the usual writ of execution time limitation which is not applicable to the judgment.

▮▮▮ 28 U.S.C. § 1963 requires this court to enforce a duly registered Alaskan judgment. It does not, however, require that we adopt the execution procedures of Alaska. It is analogous to full faith and credit. It is thus to be distinguished from the enforcement procedure of 28 U.S.C. § 2413 whereby the local forum is governed by the procedural law as to a writ of execution of the court which rendered the judgment. United States ex rel. Marcus v. Lord Electric Co., D.C.W.D.Pa.1942, 43 F. Supp. 12.

▮▮▮ Once the Alaskan judgment is registered in this court the judgment creditor may pursue all remedies available in this district to secure satisfaction for the debt. The law of this forum determines the procedural rights of the judgment creditor relating to execution. Gullet v. Gullet, supra. Un-

der Rule 69, Federal Rules of Civil Procedure, 28 U.S.C.,[14] the Hawaiian provision as to the time within which a writ of execution may be granted is applicable. The Revised Laws of Hawaii, 1945, § 10162[15] provides that execution may issue during the life of a judgment. Since by Alaskan law the judgment is a valid and subsisting one (see Footnote 5), the judgment debtor has registered a proper judgment and may proceed with his ancillary remedies.

The motion is denied.

14. "Rule 69. Execution
"(a) In General. Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable."

15. "Sec. 10162. Time of issuance. Execution and alias executions upon any judgment or decree of a court of record or a judge thereof, or any judgment of a district magistrate, for the payment of money, may be issued at any time during the life of such judgment or decree."