Robert W. ROSCH et al.,
Plaintiffs-Appellees,

v.

Richard O. KELLY,
Defendant-Appellant.

No. 74–4229.

United States Court of Appeals,
Fifth Circuit.

Feb. 27, 1976.

---

Matthew A. Rosenstein, Philip I. Palmer, Jr., Dallas, Tex., for defendant-appellant.

Blair D. Dishman, Jr., Dallas, Tex., for plaintiffs-appellees.

Before GOLDBERG, DYER and SIMPSON, Circuit Judges.

PER CURIAM:

On December 10, 1962, plaintiffs obtained a judgment against Kelly in the Superior Court of Orange County, California. Plaintiffs made no attempt to enforce the judgment in California before Kelly moved to Texas in 1970. On February 15, 1974, plaintiffs filed suit to obtain a Texas judgment on the California judgment under the Full Faith and Credit clause.

Upon cross motions for summary judgment the district court ordered that the California judgment be entered in Texas against Kelly but that "in as much as the present action is a suit to enter judgment, and not a suit to enforce judgment this order shall not represent a determination of the enforceability of the California judgment, nor plaintiffs' right to execution on such judgment." Kelly appeals. We reverse.

Section 681 of the California Code of Civil Procedure permits a party to have a writ or order issued for the execution of a judgment within ten years after entry of the judgment. If this is not done, the judgment may be enforced only by leave of court, upon motion, and after due notice to the judgment debtors accompanied by an affidavit setting forth the reasons for the failure to proceed in compliance with the provisions of Section 681 or, alternatively, by supplemental proceedings. Calif.Code Civ.P. § 685.

Plaintiffs filed their suit in Texas over twelve years after entry of the judgment in California. This action would be barred in California and incapable of enforcement there unless they comply with the provisions of Section 685. Since they have not, the judgment is not entitled to full faith and credit in Texas. *Fowler v. Pilson,* 1941, 74 App.D.C. 340, 123 F.2d 918; Vernon's Ann.Civ.St. art. 5530.

The distinction made by the district court between entry of a judgment and its enforcement is unsound. Since the California judgment was dormant, it was not entitled to entry or enforcement in Texas.

Reversed and remanded with directions to enter summary judgment for Kelly.